UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| LORI OSTENFELD, individually and on behalf of all others similarly situated, | : | Case No.: |
| | : | |
| Plaintiff, | : | **CLASS ACTION COMPLAINT** |
| | : | |
| -against- | : | <u>**JURY TRIAL DEMANDED**</u> |
| | : | |
| THE LAUNDRESS, LLC and CONOPCO, INC. d/b/a UNILEVER HOME & PERSONAL CARE USA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------x

Plaintiff Loria Ostenfeld ("Plaintiff"), together and on behalf of all others similarly

situated, by her attorneys, alleges the following upon information and belief, except for those

allegations pertaining to Plaintiff, which are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

1.      Defendant The Laundress, LLC ("The Laundress") and Defendant Conopco, Inc.

d/b/a Unilever Home & Personal Care USA ("Conopco", and collectively with The Laundress,

"Defendants") manufactures and sells high-end cleaning products, including detergents,

household cleaning solutions, and shampoos. The Laundress started almost 20 years ago in New

York and pitched itself as a luxurious, fashionable alternative to grocery store cleaning brands.

The Laundress sold its products through high-end retail stores, department stores, boutiques, and

through its own website.

2.      Consumers, such as Plaintiff and the proposed Class, trusted the brand as safe and

effective for cleaning their households, their laundry, and themselves, including their children.

3.      In 2019, Unilever acquired The Laundress and its product lines. Recently, however, it was revealed that The Laundress products were contaminated with harmful bacteria, including "*Pseudomonas*", since 2019. The Laundress has admitted that it was aware of reports of consumers who had reported bacterial infections after using the Laundress products.

4.      In December 2022 the United States Consumer Product Safety Commission announced that approximately 8 million The Laundress laundry detergent and cleaning products "can contain bacteria, including *Burkholderia cepacian* complex, *Klebsiella aerogenes* and multiple different species of *Psuedomonas*…. People with weakened immune systems, external medical devices, and underlying lung conditions who are exposed to the bacteria face a risk of serious infection that may require medical treatment." https://www.cpsc.gov/Recalls/2023/The-Laundress-Recalls-Laundry-Detergent-and-Household-Cleaning-Products-Due-to-Risk-of-Exposure-to-Bacteria (accessed December 14, 2022).

5.      This action seeks to remedy injuries from Defendants' deceptive and misleading conduct in manufacturing, marketing, and selling contaminated The Laundress products (the "Products")[1] throughout the country. The action seeks to hold Defendants accountable for manufacturing and selling The Laundress products contaminated with bacteria that have injured Plaintiff and the Class.

6.      Defendants have improperly, deceptively, and misleadingly labeled and marketed the Laundress Products to reasonable consumers, like Plaintiff and the Class, by omitting and not disclosing to consumers on its packaging that the Products were contaminated with bacteria that increases the risk of injury to consumers and their families.

_____

[1] The Products include those listed on the following web site:
https://www.thelaundressrecall.com/_files/ugd/b51df1_730f72b3535e49cdad3ac8f4c2d895c7.pdf

2

7.      When Plaintiff and the Class Members purchased and used the Products, Plaintiff and the Class relied on Defendants' misrepresentations and omissions about the Products and their ingredients.

8.      Plaintiff and the Class Members were injured after using the Products contaminated with bacteria that is harmful to consumers' health.

9.      Defendants' conduct breached, and continues to breach, Defendants' duties regarding the Products.  Plaintiff brings claims for herself and the other Class members who have been physically injured by Defendants' Products, including claims that Defendants' Products were defectively designed, defectively manufactured, and failed to warn consumers of the dangers and risks of the Products.

10.     Plaintiff brings this action against Defendants on behalf of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

**PARTIES**

**Plaintiff**

11.     Plaintiff Lori Ostenfeld is a citizen of New Jersey and a resident of Summit, New Jersey. During the applicable statute of limitations period, Plaintiff purchased and used Defendants' Products that Defendants subsequently identified as containing bacteria and subject to the recall by Defendants. In purchasing and using Defendants' Products, Plaintiff relied upon Defendants' representations and Defendants' failure to disclose that the Products contained bacteria.

12.     After using Defendants' Products containing bacteria, Plaintiff was injured. Plaintiff suffered physical injuries associated with the effects of exposure to bacteria. Plaintiff

experienced difficulty breathing, lung problems, and skin irritation after using Defendants' Products.

13.     Had Defendants not made the false, misleading, and deceptive representations and omissions regarding the contents of the Products, Plaintiff would not have bought the Products and would not have used them or been injured by them.  Plaintiff also would have been able to identify the cause of her illnesses sooner. Plaintiff purchased, purchased more of, and/or paid more for, the Products than she would have paid had Defendants disclosed the truth about the Products.

14.     Plaintiff was injured physically after using the Products.  Accordingly, Plaintiff was injured in fact as a result of Defendants' improper conduct.

**Defendants**

15.     Defendant The Laundress, LLC is a Delaware LLC with its principal place of business in New York, New York.

16.     Conopco, Inc. d/b/a Unilever Home & Personal Care USA is a New York corporation with its principal place of business located at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Conopco is an affiliate of the Unilever Group and, upon information and belief, Conopco manufactures, markets, designs, promotes, and/or distributes The Laundress Products in New York and throughout the United States. Conopco and Unilever acquired The Laundress in or about 2019 when, upon information and belief, the Products were first contaminated with bacteria.

17.     Defendants manufacture, market, advertise, and distribute the Products in this District and throughout the United States. Defendants created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling of the Products.

**JURISDICTION AND VENUE**

18.     This Court has subject matter jurisdiction under the Class Action Fairness Act,

28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizens of New Jersey, Defendant The Laundress, LLC is a citizen of New York, Defendant Conopco is a citizen of New Jersey and/or New York; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

19.     This Court has personal jurisdiction over Defendants because Defendants conduct and transact business in the state of New York, contract to supply goods within the state of New York, and supply goods within the state of New York. Many of the members of the proposed Class are citizens of different states than Defendants.

20.     Venue is proper because Defendants and many Class Members reside in the Southern District of New York, and throughout the state of New York.  A substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

21.     Defendants manufacture, market, advertise, and sell laundry and home cleaning products.

22.     Consumers like Plaintiff and the Class have become increasingly concerned about the effects of ingredients in products that they inhale or touch.  Companies such as Defendants have capitalized on consumers' desire for cleaning products, and indeed, consumers are willing to pay, and have paid, a premium for these products.

23.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product contains unsafe substances, such as bacteria, and therefore must, and do, rely on Defendants to truthfully and honestly report on the Products' packaging or labels what the Products contain or are at risk of containing.

24.     The Products' packaging does not identify bacteria, including *Pseudomonas*

*aeruginosa*.   Indeed, bacteria, including *Pseudomonas aeruginosa*, is not listed in the ingredients section, nor is there any warning about the inclusion (or even potential inclusion) of bacteria in the Products.  This leads reasonable consumers to believe the Products do not contain and are not at risk of containing dangerous bacteria.

25.    Consequently, consumers, like Plaintiff and Class Members, are at risk by using Defendants' Products because the Products contain bacteria but are used to clean surfaces, which allows the bacteria to infect individuals either through the air or through touching the bacteria.

26.    As a result of the contamination of Defendants' Products, Defendant The Laundress published a Safety Notice on its website imploring consumers "to stop using all The Laundress Products."

27.    Defendants are in the unique and superior position of knowing the ingredients and raw materials used to manufacture the Products and possess unique and superior knowledge regarding the manufacturing process of the Products, the manufacturing process of the ingredients and raw materials the Products contain, and the risks associated with those processes, such as the risk of bacterial contamination.

28.    Accordingly, Defendants possess superior knowledge regarding the risks involved in producing, manufacturing, and selling the Products.  Such knowledge is not readily available to consumers like Plaintiff and the Class Members.

29.    Defendants have a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of the Products.

30.    Defendants' false, misleading, and deceptive omissions regarding the Products (including Defendants' failure to warn that the Products contain harmful bacteria) are likely to

continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

31.    Defendants' misrepresentations and omissions were material and intentional because people are concerned with the ingredients in products that they inhale and touch. Consumers such as Plaintiff and the Class Members are influenced by Defendants' marketing and advertising campaign, the Products' labels, and the listed ingredients.  Defendants know that if they had not omitted that the Products contained bacteria, then Plaintiff and the Class would not have purchased the Products at all.

32.    Consumers rely on marketing and information in making purchasing decisions.

33.    By omitting to disclose that the Products contain bacteria throughout the Class Period, Defendants know that those omissions are material to consumers since consumers would not purchase cleaning materials containing a harmful bacteria.

34.    Defendants' deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

35.    Plaintiff and the Class Members reasonably relied to their detriment on Defendants' misleading representations and omissions.

36.    Defendants' false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class Members.

37.    As an immediate, direct, and proximate result of Defendants' false, misleading, and deceptive representations and omissions, Defendants injured Plaintiff and the Class Members in that Plaintiff and the Class paid for and used the Products and were injured by them.

38.    Had Defendants not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been injured, would have not used the Products (or would have stopped using them), and would have been able to identify the cause of their injuries sooner.

39.    Plaintiff and the Class Members have suffered injury in fact as a result of Defendants' wrongful conduct.

40.    Plaintiff and Class Members read and relied on Defendants' representation about the benefits of using the Products and purchased Defendants' Products based thereon. Had Plaintiff and Class Members known the truth about the Products, *i.e.*, that the Products contain a harmful bacteria, Plaintiff and the Class would not have purchased and used the Products and been injured by them.

## CLASS ALLEGATIONS

41.    Plaintiff brings these claims on behalf of herself and those similarly situated. As detailed in this Complaint, Defendants orchestrated deceptive marketing and labeling practices that have injured Plaintiff and the Class. Defendants' customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

42.    The Class is defined as all consumers who used a Laundress Product subject to the recall and were physically injured after using the Product during the Class Period (the "Class" or the "Injury Class").

43.    The Class is properly brought and should be maintained as a class action under Rule 23(a), and satisfies the prerequisites of numerosity, commonality, typicality, and adequacy.

44.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is

8

impracticable.  Plaintiff believes that there are thousands of consumers in the Class who have been injured by Defendants' practices.

45.    <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include:

a. Whether Defendants were responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased and used the Products;

b. Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have violated their duties and obligations to Plaintiff and the Class;

c. Whether Defendants made false and/or misleading statements and omissions to the Class and the public concerning the contents of the Products;

d. Whether Defendants acted negligently when designing, labeling, manufacturing, marketing, distributing, and selling the Products containing bacteria;

e. Whether the foreseeable risks of the Products containing bacteria exceeded the benefits associated with the Products; and

f. Whether Plaintiff and the Class are entitled to damages for the claims asserted in this Complaint.

46.    <u>Typicality</u>: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same conduct and purchased and used Defendants' Products.

47.  Adequacy: Plaintiff is an adequate representative of the Class. Plaintiff's interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff's claims are common to the members of the Class she seeks to represent. Plaintiff has a strong interest in vindicating her rights, has retained counsel competent and experienced in complex class action litigation, and Plaintiff's counsel intends to vigorously prosecute this action.

48.  Predominance: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' conduct.

49.  Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.  When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.  This class action will promote the orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiff knows of no difficulty to be encountered in managing this action that would preclude its maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecuting this action as a class action will eliminate the possibility of repetitious litigation;

h.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i.   It would be desirable to concentrate in this single venue the litigation of all Class Members who were injured by Defendants' uniform conduct with respect to Defendants' Products.

50.   Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CLAIMS

### FIRST CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY: DESIGN DEFECT

**(On Behalf of Plaintiff and The
Injury Class)**

51.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further allege as follows.

52.   Defendants manufactured, designed, distributed, sold, and/or supplied the Products containing bacteria.

53.   The Products manufactured and supplied by Defendants were defective in design

or formulation in that, when the Products left the hands of the Defendants, the foreseeable risks of the Products exceeded the benefits associated with their design or formulation, and the Products were more dangerous than an ordinary consumer would expect.

54.     The Products that the Plaintiff and the Injury Class members used had not been materially altered or modified prior to their use.

55.     The Products were defectively designed because they contained the unreasonably dangerous bacteria, and there are reasonably safer and effective alternatives to the bacteria included in the Products.

56.     The Products also were defectively designed because their cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

  (a) The Products failed to warn that the Products contained bacteria and failed to warn about reports of adverse reactions, including infection and illness;

  (b) The Products failed to warn that they contained bacteria that can increase the risk of infection and illness;

  (c) Defendants minimized and downplayed the risks associated with the Products containing bacteria, including the risk of dermatitis, infection, and increased risk of other illnesses; and

  (d) The Products failed to display and advise of the Product's risks, proper use, or the possible risk of exposure to bacteria, in an effective and reasonable manner.

57.     By marketing Products designed such that they were not reasonably safe, despite the availability of safer alternatives, and failing to sufficiently warn users of the dangers, Defendants were a substantial factor in causing injuries to Plaintiff and the Injury Class.

58.     As a direct and proximate result of Plaintiff and the Injury Class using the

Products containing bacteria that was manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff and the Injury Class suffered harm and damages and will continue to suffer such harm, damages and loss in the future.

59.     As a direct and proximate result of the foregoing, Plaintiff and the Injury Class are entitled to damages. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life, warranting exemplary and punitive damages.

**SECOND CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY: FAILURE TO PROVIDE**
**ADEQUATE WARNING**

**(On Behalf of Plaintiff and The Injury Class)**

60.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

61.     The Products manufactured and supplied by Defendants, were defective due to inadequate warnings or instructions because Defendants knew or should have known that the Products created significant risks of serious bodily harm to consumers, but Defendants failed to adequately warn consumers of such risks.

62.     Defendants knew or, in the exercise of reasonable care, should have known that the Products containing bacteria that are marketed to be used repeatedly as a cleaning agent or detergent present a risk of severe reactions, including dermatitis, infection, bacterial infections, and other adverse reactions.

63.     Defendants failed to provide the warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of the Products containing bacteria in light of the likelihood that the Products would

13

cause the harm claimed by Plaintiff and the Injury Class and in light of the likely seriousness of that harm.

64.     Defendants, as the manufacturers of the Products, are held to the level of knowledge of an expert in the field of that type of cleaning products and detergents, and had a duty to warn consumers of the dangers associated with the Products but failed to do so.

65.     Defendants failed to reasonably or adequately warn users of the risks of the Products containing bacteria for the following reasons, among others:

a.  Defendants minimized and downplayed the risks associated with the Products containing bacteria;

b.  Defendants received reports of people suffering illness after using the Products containing bacteria but Defendants failed to warn Plaintiff and the Injury Class about the reports and about the possibility of being injured by using the Products; and

c.  The Products failed to display and advise of the Products' risks and proper use in an effective and reasonable manner.

66.     The Products manufactured and supplied by Defendants were defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of the Products, Defendants failed to provide an adequate warning to consumers of the Products, knowing the Products could cause serious injury as set forth herein.

67.     Plaintiff read and followed the deficient directions that were provided with Defendants' Products. Defendants' inadequate directions and packaging were a substantial factor in causing injuries to Plaintiff and the Injury Class. As a direct and proximate result of Plaintiff and the Injury Class using the Products as designed, sold, supplied, marketed, and

introduced into the stream of commerce by Defendants, Plaintiff and the Class suffered harm and damages and will continue to suffer such harm and damages in the future.

68.     As a result of Defendants' failure to adequately warn Plaintiff and the Class, Plaintiff and the Class are entitled to damages from Defendants. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE**

**(On Behalf of Plaintiff and The Injury Class)**

69.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

70.     Defendants had a duty to exercise reasonable case in designing, manufacturing, testing, marketing, and distributing into the stream of commerce the Products, including a duty to ensure that the Products did not pose a significantly increased risk of injury to Plaintiff, the Injury Class, and other consumers.

71.     Defendants failed to exercise reasonable care in designing, manufacturing, testing, marketing and distributing into the stream of commerce the Products containing bacteria. Defendants knew or should have known that the Products are marketed to be used on a regular basis to clean homes, clothing, and people, and presented a risk of severe injuries, giving rise to pain and suffering, debilitation, and the need for medical treatment and therefore were not safe for use by Plaintiff, the Injury Class, or other consumers.

72.     Defendants failed to exercise reasonable care by failing to sufficiently warn consumers of the risks associated with the Products.

73.     Although Defendants knew or should have known that the Products containing bacteria could cause severe reactions in consumers and therefore give rise to pain and suffering,

debilitation, and the need for medical treatment, Defendants continued to market the Products containing bacteria as safe and effective.

74.     Although Defendants knew or should have known that the Products containing bacteria could cause infections, illnesses, skin injury, and other severe reactions in consumers and therefore give rise to pain and suffering, debilitation, and the need for medical treatment, Defendants failed to use ordinary care in warning Plaintiff, the Injury Class, and other consumers about these risks.

75.     As a direct and proximate result of Defendants' negligence, Plaintiff and the Injury Class have suffered significant damages, including physical injury, pain and suffering and will continue to suffer such damages in the future.

76.     Defendants' actions and omissions were malicious, wanton, oppressive, and/or reckless.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Actual and compensatory damages to Plaintiff and the Class;

(c) Punitive, statutory, and treble damages, as allowable by law, to Plaintiff and the Class;

(d) An Order requiring Defendants to establish a medical testing program for Plaintiff and the Class, as well as to establish a medical monitoring protocol for Plaintiff and the Class to monitor individuals' health and diagnose at an early stage any ailments associated with exposure to the bacteria in Defendants' Products;

(e) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper

Dated:  December 19, 2022                    SQUITIERI & FEARON, LLP

By: _____
            Stephen J. Fearon, Jr.
305 Broadway
7th Floor
New York, New York 10007
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: stephen@sfclasslaw.com

Attorneys for Plaintiff