## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI OSTENFELD, DEBORAH GESCHWIND, MARGARET MURPHY and JUDY STILWILL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE LAUNDRESS, LLC,<br><br>    Defendant. | Case No. 1:22-cv-10667-JMF<br><br>The Honorable Jesse M. Furman |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS

**WINSTON & STRAWN LLP**
Ronald Y. Rothstein (*pro hac vice*)
35 West Wacker Drive
Chicago, IL 60601
rrothste@winston.com
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Jared R. Kessler (*pro hac vice*)
200 S. Biscayne Blvd.
Suite 2400
Miami, FL 33131
jrkessler@winston.com
Telephone: (305) 910-0654
Facsimile: (305) 910-0505

Rebecca Loegering (*pro hac vice*)
2121 N. Pearl Street
Suite 900
Dallas, TX 75201
rloegering@winston.com
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
ATTORNEYS FOR DEFENDANT

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................................. 3

III.    LEGAL STANDARD ....................................................................................................... 4

IV.     ARGUMENT .................................................................................................................... 5

        A.      No Class Can Be Certified Under Rule 23(b)(1)(A) ............................................. 5

        B.      No Class Can Be Certified Under Rule 23(b)(1)(B) ............................................. 7

        C.      The Court Should Strike Plaintiffs' Rule 23(b)(3) Class Allegations ................... 8

                1.      The Physical Injury and Economic Injury Classes Are
                        Unmanageable ............................................................................................. 8

                2.      Individualized Issues Predominate, Rendering Certification
                        Impossible ................................................................................................. 12

                3.      A Nationwide Class Cannot Be Certified Under NYGBL. ........................ 16

        D.      The Court Should Strike Plaintiffs' 23(c)(4) Class Allegations ........................... 17

V.      CONCLUSION ............................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allianz Ins. Co. v. Otero*,
   353 F. Supp. 2d 415 (S.D.N.Y. 2004)........................................................................8

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997)...............................................................................................5

*Benner v. Becton Dickinson & Co.*,
   214 F.R.D. 157 (S.D.N.Y 2023) ...........................................................................18

*Borgese v. Baby Brezza Enters. LLC*,
   2021 WL 634722 (S.D.N.Y. Feb. 18, 2021)............................................4, 7, 9, 10

*Calvo v. City of New York*,
   No. 14-CV-7246 (VEC), 2018 WL 1633565 (S.D.N.Y. Apr. 2, 2018)....................8

*Carollo v. United Cap. Corp.*,
   528 F. Supp. 3d 37 (S.D.N.Y. 2021).......................................................................6

*Crayton v. Rochester Med. Corp.*,
   2011 WL 475009 (E.D. Cal. Feb. 4, 2011).............................................................12

*DiDonato v. GC Servs. Ltd. P'ship*,
   No. 20 CIV. 2154 (LGS), 2021 WL 4219504 (S.D.N.Y. Sept. 16, 2021)...............6

*Doe v. Karadzic*,
   192 F.R.D. 133 (S.D.N.Y. 2000) ...........................................................................7

*Elson v. Black*,
   56 F.4th 1002 (5th Cir. 2023) ................................................................................5

*In re Fosamax Prods. Liab. Litig.*,
   248 F.R.D. 389......................................................................................................13

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
   2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)........................................................16

*In re Fyre Festival Litig.*,
   2020 WL 7318276 (S.D.N.Y. 2020).......................................................................16

*Georgine v. Amchem Prods.*,
   83 F.3d 610 (3d Cir. 1996).....................................................................................14

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314 (N.Y. Ct. App. 2002) ........................................................................................16

*In re Grand Theft Auto Video Game Consumer Litig.*,
    251 F.R.D. 139 (S.D.N.Y. 2008) .........................................................................................8, 11

*Haley v. Medtronic, Inc.*,
    169 F.R.D. 643 (C.D. Cal. 1996) ............................................................................................17

*Hindermyer v. B. Braun Med. Inc.*,
    419 F. Supp. 3d 809 (D.N.J. 2019) .........................................................................................12

*Hughes v. Ester C Co.*,
    No. 12-CV-0041 (PKC), 2016 WL 6092487 (E.D.N.Y. Sept. 30, 2016) ..............................11

*Ivie v. Kraft Foods Global, Inc.*,
    Case No. 12–02554–RMW, 2013 WL 3296616 (N.D. Cal. June 28, 2013) ..........................15

*Jaffe v. Cap. One Bank*,
    No. 09 Civ. 4106 (PGG), 2010 WL 691639 (S.D.N.Y. Mar. 1, 2020) .....................................4

*Johnson v. Nextel Commc'ns Inc.*,
    780 F.3d 128 (2d Cir. 2015) ......................................................................................................9

*Kaufman v. Sirius XM Radio, Inc.*,
    751 F. Supp. 2d 681 (S.D.N.Y. 2010) .....................................................................................16

*Krajewski v. Enderes Tool Co.*,
    469 F.3d 705 (8th Cir. 2006) ...................................................................................................12

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    299 F. Supp. 3d 430 (S.D.N.Y. 2018) .....................................................................................11

*Mascola v. Sears, Roebuck & Co.*,
    No. CIV.A. 04-3322 (WHW), 2008 WL 4601905 (D.N.J. Oct. 15, 2008) .............................12

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
    241 F.R.D. 435 (S.D.N.Y. 2007) ........................................................................................12, 14

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
    209 F.R.D. 323 (S.D.N.Y. 2002) .............................................................................................17

*Monroe v. Medtronic, Inc.*,
    511 F. Supp. 3d 26 (D. Mass. 2021) ........................................................................................12

*Oscar v. BMW of N. Am., LLC*,
    274 F.R.D. 498 (S.D.N.Y. 2011) .............................................................................................11

*Passman v. Peloton Interactive, Inc.*,
   No. 19-CV-11711 (LJL), 2023 WL 3195941 (S.D.N.Y. May 2, 2023) ..................................8

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig*,
   208 F.R.D. 625 (W.D. Wash. 2002) ........................................................................................6

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ........................................................................................5, 11

*Rambarran v. Dynamic Airways, LLC*,
   No. 14-CV-10138 KBF, 2015 WL 4523222 (S.D.N.Y. July 27, 2015) ..................................5

*In re Rezulin Prods. Liab. Litig.*,
   210 F.R.D. 61 (S.D.N.Y. 2002) ......................................................................................13, 14

*Rosa v. City of Seaside*,
   675 F. Supp. 2d at 1011 ........................................................................................................12

*Rovid v. Graco Children's Prod. Inc.*,
   No. 17-CV-01506-PJH, 2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ..................................12

*Szymczak v. Nissan N. Am.*,
   2011 WL 7095432 (S.D.N.Y Dec. 16, 2011) ........................................................................11

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   308 F.R.D. 630 (N.D. Cal. 2015) ..........................................................................................17

*Vicente v. DePuy Syntheses Co.*,
   570 F. Supp. 3d 232 (D.N.J. 2021) ......................................................................................12

*Wang v. Tesla, Inc.*,
   338 F.R.D. 428 (E.D.N.Y. 2021) ..........................................................................................11

*Weiner v. Snapple Beverage Corp.*,
   2010 WL 3119452 (S.D.N.Y. 2010) ......................................................................................15

*Youngman v. Robert Bosch LLC*,
   923 F. Supp. 2d 411 (E.D.N.Y. 2013) ....................................................................................8

*Zehel-Miller v. Astrazenaca Pharms., LP*,
   223 F.R.D. 659 (M.D. Fla. 2004) ..........................................................................................14

**Statutes**

Cal. Bus. & Prof. Code § 17200 *et seq.* ..................................................................................2, 16

Cal. Bus. & Prof. Code § 17500 *et seq.* ..................................................................................2, 16

Magnuson-Moss Warranty Act ..............................................................................................1, 14

NYGBL § 349.................................................................................................. *passim*

NYGBL § 350.................................................................................................1, 8, 14, 16

**Other Authorities**

Charles A. Wright, et al., 7AA Fed. Prac. & Proc. § 1774 (3d ed. 2018)......................................7

2 Newberg and Rubenstein on Class Actions § 4:5 (6th ed.) ........................................................5

Fed. R. Civ. P. 23.........................................................................................................5, 7

Fed. R. Civ. P. 23(b)(1)..............................................................................................2, 6

Fed. R. Civ. P. 23(b)(1)(A)........................................................................2, 5, 6, 16

Fed. R. Civ. P. 23(b)(1)(B)........................................................................2, 5, 7, 16

Fed. R. Civ. P. 23(b)(3).......................................................................................... *passim*

Fed. R. Civ. P. 23(c)(1)(A)......................................................................................4

Fed. R. Civ. P. 23(c)(4)........................................................................................... *passim*

Fed. R. Civ. P. 23(c)(4)(A)......................................................................................17

Fed. R. Civ. P. 23(d)(1)(D).....................................................................................4, 5

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiffs' putative classes—a nationwide Economic Injury Class, nationwide Physical Injury Class, and California Subclass—raise claims governed by disparate laws of every state and burdened by countless individualized issues of reliance, causation, and damages. No amount of discovery could alter the conclusion that is evident from the face of the Consolidated Complaint (the "Complaint" or "Compl."): class-wide adjudication is unmanageable, and certification is impossible. Plaintiffs' class allegations should therefore be stricken.

This action arises from The Laundress LLC's ("The Laundress") discovery that certain of its household cleaning products (the "Products")[1] could potentially contain *Burkholderia cepacia* complex, *Klebsiella aerogene*s and multiple different species of *Pseudomonas* bacteria. *See* Compl. ¶¶ 2, 7, 79–80, 82. Upon learning of the potential issue, The Laundress issued a public Safety Notice, initiated a product recall in conjunction with the Consumer Product Safety Commission ("CPSC"), and offered a full refund to anyone who had purchased the Products. *Id.* ¶ 79, 83.

Based on the potential for contamination, Plaintiffs assert claims individually and on behalf of three putative classes based on theories that The Laundress falsely or misleadingly advertised its Products and that those Products suffered from design, manufacturing, and warning defects. Specifically, on behalf of the "Economic Injury Class,"[2] Plaintiffs raise claims for violations of New York General Business Laws ("NYGBL") §§ 349 and 350 (Count I), breach of express warranty (Count II), breach of implied warranty (Count III), violation of the Magnuson-

---

[1] Plaintiffs define "Products" as the products identified in the recall list, including over 250 products "manufactured, marketed, distributed, and sold by [The Laundress]." *See* Compl. ¶ 1.
[2] Defined by Plaintiffs as "All United States residents who purchased Products during the Class Period." Compl. ¶ 107.

Moss Warranty Act (Count IV), and Unjust Enrichment (Count VIII). *See* Compl. ¶¶ 107, 125, 136, 146, 157, 208. On behalf of the "Physical Injury Class,"[3] Plaintiffs (except Geschwind) raise claims for design defect (Count V), manufacturing defect (Count VI), and failure to warn (Count VII). *See* Compl. ¶¶ 108, 169, 185, 196. And on behalf of the "California Subclass,"[4] Murphy alleges claims for violations of California Business & Professions Code § 17200 *et seq.* (Unlawful Conduct Prong and Unfair and Fraudulent Prongs of California's UCL) (Counts IX and X) and violation of California Business & Professions Code § 17500 *et seq.* (False and Misleading Advertising) (Count XI). *See* Compl. ¶¶ 109, 217, 224, 233. None of these claims can be maintained on a class-wide basis.

To the extent Plaintiffs seek certification under Rule 23(b)(1)(A) or 23(b)(1)(B), the Complaint makes clear that neither subsection is applicable to this case. Subsection (b)(1)(A) primarily focuses on cases seeking equitable relief and is applicable only when a multiplicity of individual actions could result in incompatible standards of conduct imposed on The Laundress. Subsection (b)(1)(B) applies primarily in "limited fund" class actions. Neither of these circumstances are present here and Plaintiffs' boilerplate allegations parroting the language of Rule 23(b)(1) are not enough for certification under that section.

Efforts to certify under Rule 23(b)(3) also fail. Even a cursory review of the Complaint reveals that Plaintiffs' proposed classes will be unmanageable and riddled with individualized issues that predominate over any common questions. To start, each class member's claims will

---

[3] Defined by Plaintiffs as "All United States residents who suffered physical injuries after using Products or being exposed to Products that were purchased during the Class Period." *Id*. at ¶ 108. The Laundress notes that Plaintiffs refer in the Complaint to both a "Physical Injury Class" and "Personal Injury Class." *Compare* ¶¶ 14, 108, 204 *with* ¶¶ 112, 169, 185, 196. For purposes of this Motion, The Laundress refers to both as the "Physical Injury Class."

[4] Defined by Plaintiffs as "All California residents who purchased Products during the Class Period." Compl. ¶ 109.

be governed by the law of his or her home state. Because state laws vary significantly with respect to the claims asserted by the putative Physical Injury and Economic Injury Classes, it would be unmanageable to attempt to resolve the claims of all The Laundress Product purchasers in a single proceeding. Nationwide class allegations—like those made here—are commonly rejected at the pleading stage for this reason. And with respect to the Physical Injury Class, putative class members' alleged injuries manifested in a variety of different ways—ranging from rashes to septic shock—and therefore issues of proximate causation and damages also preclude certification. Similar individualized issues defeat certification of the Economic Injury Class and California Subclass too.

Finally, Plaintiffs alternatively request to certify issues classes under Rule 23(c)(4). But the issues Plaintiffs seek to certify simply echo the elements of their causes of action. This is not the purpose of certification under Rule 23(c)(4) and attempts to use issue certification in this manner are routinely rejected. This case should be no different.

## II.    FACTUAL BACKGROUND

Plaintiffs contend they suffered economic and physical injuries that they conclusorily attribute to The Laundress's Products. As to their economic injuries, Plaintiffs allege The Laundress falsely or misleadingly advertised its Products as "nontoxic," "biodegradable," and "allergen-free." Despite The Laundress's comprehensive recall and full refund offer, Plaintiffs seek damages arising from their Product purchases. They claim they "would not have purchased or used the Products" had they known of the potential for bacterial contamination and seek damages for purchasing "worthless" Products. Compl. ¶¶ 94, 97, 100, 103. Plaintiff Geschwind also seeks damages for the "time and money" she allegedly spent remediating "bacterial contamination" as well as for "discarded potentially contaminated property" including closet hangers and plastic containers. *See id.* ¶¶ 84, 93. And Plaintiffs point to other unidentified

individuals (who are not named plaintiffs, but presumably would be putative class members) who allegedly suffered damages for the "significant expense and time" they spent remediating "potentially contaminated fabrics and surfaces." *Id.* ¶ 85.

Beyond economic damages, Plaintiffs point to a wide spectrum of physical injuries they also blame on The Laundress's Products. After using the Products, Ostenfeld alleges that she experienced "skin irritation and persisting respiratory problems (including difficulty breathing, wheezing, and congestion, and shortness of breath)[.]" *Id.* ¶ 99. Stilwill alleges that she "began having increasingly worse sinus congestions and sinus infections," and was prescribed antibiotics by her primary care physician and an "Ear, Nose and Throat Specialist" and eventually underwent surgery on her sinuses. *See id.* at ¶ 102. Murphy alleges that she and her family suffered "respiratory infections, skin infections, rashes, and hives." *Id.* ¶ 96. And again Plaintiffs reference physical injuries of other customers (who are not named plaintiffs), ranging from "red bumps" to "septic shock." *Id.* ¶ 104.

## III.  LEGAL STANDARD

Rule 23(c)(1)(A) requires the Court, "[a]t an early practicable time after a person sues or is sued as a class representative" to "determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). When issues are "plain enough from the pleadings, they may be resolved without further discovery." *Borgese v. Baby Brezza Enters. LLC*, 2021 WL 634722, at *1 (S.D.N.Y. Feb. 18, 2021) (granting Rule 23(d)(1)(D) motion at the pleading stage). Said another way, where—like here—a "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," Rule 23(d)(1)(D) allows the Court to require that the pleadings be amended to eliminate the class allegations. *See Borgese v. Baby Brezza Enters. LLC*, 2021 WL 634722, at *1 (S.D.N.Y. Feb. 18, 2021) (granting Rule 23(d)(1)(D) motion at the pleading stage); *Jaffe v. Cap. One Bank*, No. 09 Civ. 4106 (PGG), 2010 WL 691639 (S.D.N.Y.

Mar. 1, 2020) (striking class allegations pursuant to Rule 23(d)(1)(D)); *see generally Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946–47 (6th Cir. 2011); *Elson v. Black*, 56 F.4th 1002, 1006–07 (5th Cir. 2023) (affirming order striking nationwide class allegations at motion to dismiss stage).

## IV.  ARGUMENT

Plaintiffs seek certification of an Economic Injury Class, Physical Injury Class, and California Subclass under Rule 23(b)(1)(A), (b)(1)(B) and (b)(3). *See* Compl. ¶¶ 117–120. Alternatively, they seek issue certification under Rule 23(c)(4). *See* Compl. ¶ 121. Though Plaintiffs are vague about which putative class(es) they seek to certify pursuant to which subsection(s) of Rule 23, none supports certification.

### A.  No Class Can Be Certified Under Rule 23(b)(1)(A)

"Rule 23(b)(1)(A) covers cases where the party is obliged by law to treat the members of the class alike … or where the party must treat all alike as a matter of practical necessity …." *Rambarran v. Dynamic Airways, LLC*, No. 14-CV-10138 KBF, 2015 WL 4523222, at *12 (S.D.N.Y. July 27, 2015) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). It "addresses the risk that the prosecution of multiple, individual suits will 'establish incompatible standards of conduct for the party opposing the class.'" *See* 2 Newberg and Rubenstein on Class Actions § 4:5 (6th ed.)

Importantly, certification under Rule 23(b)(1)(A) is not available "merely because different cases against the same defendant might yield different money judgments. Instead, the Rule applies to situations in which different courts might put a defendant under conflicting decrees; it therefore ***focuses on injunctive relief matters***." *Id.* § 4:11 (emphasis added). Certification under Rule 23(b)(1)(A) is unavailable here because Plaintiffs seek predominantly money damages. *See Rambarran*, 2015 WL 4523222, at *12 ("Courts in this Circuit have

repeatedly recognized that certification under Rule 23(b)(1)(A) is limited to claims for equitable relief."). But certification fails for another reason too.

"The representative and mandatory nature of a Rule 23(b)(1)(A) class in a case seeking individualized monetary damages raises due process concerns." *DiDonato v. GC Servs. Ltd. P'ship*, No. 20 CIV. 2154 (LGS), 2021 WL 4219504, at *6 (S.D.N.Y. Sept. 16, 2021). Courts thus deny certification under Rule 23(b)(1)(A) when "potential class members would not have the opportunity to opt-out of the class and litigate for themselves their entitlement to, and amount of, individual damages." *Id*. This is precisely the case here, where Plaintiffs seek individualized money damages for alleged physical injuries and personal property damage (i.e., time spent and property discarded).

This certification-blocking issue of individualized damages is not overcome by Plaintiffs' allegation that "[p]rosecuting separate actions by or against individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct" for The Laundress. *See* Compl. ¶ 117. Other than this boilerplate, Plaintiffs make no plausible allegations that the causes of action at issue could, or the relief sought would, result in the imposition of incompatible standards of conduct on The Laundress. *See* Compl. ¶ 117. It would not. If Plaintiffs' allegations were sufficient, "any circumstance in which a defendant's course of action could have harmed multiple plaintiffs would be entitled to class certification under Rule 23(b)(1)(A) as a matter of course." *Carollo v. United Cap. Corp.*, 528 F. Supp. 3d 37, 58 (S.D.N.Y. 2021). That is not the law, and it is not what Rule 23(b)(1)(A) contemplates. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig*, 208 F.R.D. 625, 633 (W.D. Wash. 2002) (striking allegations of Rule 23(b)(1) class in products liability case because Rule 23(b)(1)(A) certification requires more "than a risk

that separate judgments would oblige the opposing party to pay damages to some class members but not to others or to pay them different amounts").

### B. No Class Can Be Certified Under Rule 23(b)(1)(B)

Rule 23(b)(1)(B) requires "that the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members … or substantially impair or impede their ability to protect their interests." *Doe v. Karadzic*, 192 F.R.D. 133, 139 (S.D.N.Y. 2000). In other words, it "allows class actions to be brought in cases in which separate suits might have undesirable effects on the class members, rather than on the opposing party." Charles A. Wright, et al., 7AA Fed. Prac. & Proc. § 1774 (3d ed. 2018). "[T]he paradigm suit under Rule 23(b)(1)(B) is the limited fund class action, in which claims are made by numerous persons against a fund insufficient to satisfy" them all. *Karadzic*, 192 F.R.D. at 139.

Here, Plaintiffs do not allege a "limited fund" or any other facts from which it could be inferred that separate actions may have undesirable effects on putative class members. Though Plaintiffs recite the Rule's language that "prosecuting separate actions … would be dispositive of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests," Compl. ¶ 118, parroting Rule 23 is not enough to warrant class treatment under 23(b)(1)(B). *See Borgese v. Baby Brezza Enters. LLC*, No. 20 CIV. 1180 (VM), 2021 WL 634722, at *5 (S.D.N.Y. Feb. 18, 2021). Without "a basis"—which Plaintiffs do not offer—"to conclude that other, nonparty class members would have any interest in the litigation apart for possible prejudice to any later action should [The Laundress] prevail," certification under Rule 23(b)(1)(B) is unwarranted. *See id.*

### C.  The Court Should Strike Plaintiffs' Rule 23(b)(3) Class Allegations

Under Rule 23(b)(3), class certification is only proper if common questions predominate over the individual questions raised by putative class members' claims and if class treatment is superior to individual litigation. Fed. R. Civ. P. 23(b)(3); *see also Passman v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2023 WL 3195941, at *7 (S.D.N.Y. May 2, 2023) (the predominance requirement under 23(b)(3) "mandates that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."). Where, like here, individualized questions predominate, a class cannot be certified. *See Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2018 WL 1633565, at *7 (S.D.N.Y. Apr. 2, 2018).).

### 1.  The Physical Injury and Economic Injury Classes Are Unmanageable

Again, Plaintiffs assert on behalf of the Physical Injury Class claims for design defect (Count V), manufacturing defect (Count VI), and failure to provide adequate warning (Count VII). *See* Compl. ¶¶ 169, 185, 196. With respect to each of these causes of action, New York's choice-of-law principles call for a federal court sitting in diversity to apply the law of the state where the alleged tort occurred to Plaintiffs'—and putative class members'—claims. *See Youngman v. Robert Bosch LLC*, 923 F. Supp. 2d 411, 417–19 (E.D.N.Y. 2013) (citing *Allianz Ins. Co. v. Otero*, 353 F. Supp. 2d 415, 423 (S.D.N.Y. 2004)) (explaining that for choice-of-law purposes "conduct-regulating rules," for example, negligence claims, are governed by the law of the place of the harm). A similar analysis impacts claims made on behalf of the Economic Injury Class: violation of NYGBL §§ 349 and 350 (Count I), breach of express warranty (Count II), breach of implied warranty (Count III), violation of MMWA (Count IV) and unjust enrichment (Count VIII). *See In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149

(S.D.N.Y. 2008) (New York's choice-of-law test "requires the application of the law of the state of purchase to … claims for breach of warranty and unjust enrichment."); *see also Johnson v. Nextel Commc'ns Inc*., 780 F.3d 128, 140 (2d Cir. 2015) ("When claims in a class action arise under state law—and the class comprises multiple states—the court must consider whether different state laws will apply to different members of the class."). A class-member-by-class-member choice of law analysis—if it can be performed at all, given Plaintiffs' paltry allegations—will predominate over common issues, be unmanageable, and precludes certification.

On this point, the *Borgese* case is instructive. There, a plaintiff individually, and on behalf of "all purchasers in the United States," sued Baby Brezza Enterprises based on allegations that its baby formula mixing machines mixed less formula than required for proper nutrition and thus did not perform as advertised. *Borgese*, 2021 WL 634722, at *1. Baby Brezza moved to strike the plaintiff's class allegations. *Id*. at *4. In analyzing Rule 23(b)(3)'s predominance requirement, the *Borgese* court noted that common "questions predominate … only if plaintiffs can show that 'those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individual proof.'" *Id*. (citation omitted). But the court was unable to undertake the analysis of whether variations in state laws precluded certification because the complaint did "not indicate where the other purchasers of the Baby Brezza machines reside, where they purchased the machines, or where they may have suffered any resulting injury." *Id*. at *5. It was thus impossible "to determine which state laws apply, and in turn, whether those laws materially differ." *Id*. "On its face," the court concluded, the complaint did "not allege *any* common legal issues, much less common issues that are 'more substantial' than individualized ones." *Id*. at *4 (emphasis in original) ("[P]utative class actions

involving the laws of multiple states are often not properly certified pursuant to Rule 23(b)(3) because variation in the legal issues to be addressed overwhelms the issues common to the class.").

Like in *Borgese*, the Complaint here lacks any allegation about where putative class members reside, where they purchased The Laundress's Products or where their injuries (if any) occurred. Plaintiffs define their Physical Injury and Economic Damages Classes to include "[a]ll United States residents[.]" Compl. ¶¶ 107–08. So, putative class members may reside in any (or all) of the 50 states. Similarly, their alleged injuries may have occurred in any of the 50 states. But neither place of residency nor place of injury can be determined without individual inquiry. As pleaded, the putative classes' claims may therefore implicate the laws of all 50 states. And those laws differ in meaningful ways state by state. *See generally*, Exhibit 1 (51-jurisdiction survey re: design defect claims); Exhibit 2 (51-jurisdiction survey re: failure-to-warn claims); Exhibit 3 (51-jurisdiction survey re: manufacturing defect); Exhibit 4 (51-jurisdiction survey re: express warranty claims); Exhibit 5 (51-jurisdiction survey re: implied warranty claims.); Exhibit 6 (51-jurisdiction survey re: unjust enrichment). For example, with respect to warranty claims, reliance, privity, and pre-suit notice requirements vary by state. *See* Exs. 4 and 5. For unjust enrichment claims, some states (but not all) require proof that the defendant had knowledge of or appreciated the benefit conferred by the plaintiff, and other states require proof as an element of the claim that there is no adequate legal remedy. *See* Ex. 6. And the standards and defenses governing product liability claims also vary greatly from state to state. *See* Exs. 1–3. The differences go on. *See generally*, Exs. 1–6.

These unavoidable state-by-state variations and the difficulties inherent in instructing a jury on application of each state's laws render adjudication on a class basis unmanageable, and

thus certification is impossible. *See Borgese*, 2021 WL 634722, *4 (noting variation in the legal issues to be addressed overwhelms the issues common to the class); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011) (noting that "consumer-protection laws of many States … govern [the] claims and factual variations among the claims abound, making a class action in this setting neither efficient nor workable"); *Wang v. Tesla, Inc.*, 338 F.R.D. 428, 442 (E.D.N.Y. 2021) (holding that the application of different jurisdictions' laws rendered individual issues predominant); *Szymczak v. Nissan N. Am.*, 2011 WL 7095432, at *13 (S.D.N.Y Dec. 16, 2011) (noting "choice of law principles preclude this court from applying Tennessee's law to citizens of other states where there are insufficient connections between Tennessee, the parties, and the underlying facts" and refusing to permit plaintiff to bring claims on behalf of a nationwide class); *see also, e.g.*, *In re Grand Theft Auto Video Games Consumer Litig.*, 251 F.R.D. 139, 161 (S.D.N.Y. 2008) (decertifying nationwide settlement class due to differences in state privity requirements); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011) (Magnuson-Moss warranty claims not suitable for nationwide class certification because "differences in state laws often predominate over common questions."); *Hughes v. Ester C Co.*, No. 12-CV-0041 (PKC), 2016 WL 6092487, at *14–15 (E.D.N.Y. Sept. 30, 2016) (noting that "'the states' unjust-enrichment laws vary in relevant respects'" and that this variation can defeat class certification on unjust enrichment claims) (internal citations omitted).

Because adjudication of claims by the Physical Injury and Economic Injury Classes would force the Court to undertake the herculean task of ascertaining and applying the home-state warranty, unjust enrichment, and product liability laws to class members residing in any (or likely all) of the 50 states, those putative classes are unmanageable and should not be certified. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 463 (S.D.N.Y.

2018) (noting that while "Rule 23(b)(3) sets out four individual factors for courts to consider, manageability is, by far, the most critical concern in determining whether a class action is a superior means of adjudication.").

### 2. Individualized Issues Predominate, Rendering Certification Impossible

Disparate issues of law are reason enough to preclude certification, but they are not the only reason. A panoply of individual fact issues obvious from the face of the Complaint also precludes certification under Rule 23(b)(3). Starting with the Physical Injury Class, each of the claims Plaintiffs attempt to bring requires, among other things, a showing that class members' injuries were caused by the alleged defects in The Laundress's Products (which, again, Plaintiffs define to include over 250 separate products).[5] Given that class-member-by-class-member permutations of Products used over time are near limitless, it is facially apparent that causation (if it could be proved at all, which The Laundress disputes) could never be proven on a class-wide basis. No amount of discovery could overcome this issue; it is an insurmountable obstacle to predominance. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 241 F.R.D.

---

[5] *See Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 823–24 (D.N.J. 2019); *Vicente v. DePuy Syntheses Co.*, 570 F. Supp. 3d 232, 241 (D.N.J. 2021) (including causation as one of three "essential" elements of a design defect claim under New Jersey law); *Mascola v. Sears, Roebuck & Co.*, No. CIV.A. 04-3322 (WHW), 2008 WL 4601905, at *2 (D.N.J. Oct. 15, 2008) ("Under New Jersey law … the plaintiffs bear the burden of proving that the failure to warn was the proximate cause of the plaintiffs' injury"); *Monroe v. Medtronic, Inc.*, 511 F. Supp. 3d 26, 34 (D. Mass. 2021) (noting that a plaintiff under Nebraska law "must show" that their injuries "were a direct and proximate result of the alleged defect"); *Krajewski v. Enderes Tool Co.*, 469 F.3d 705, 710 (8th Cir. 2006) ("[U]nder the rule in Nebraska … an allegedly inadequate warning must be the proximate cause of the plaintiff's injury."); *Rovid v. Graco Children's Prod. Inc.*, No. 17-CV-01506-PJH, 2018 WL 5906075, at *14 (N.D. Cal. Nov. 9, 2018) (identifying the elements of a design defect claim, including that "the defect causes injury"); *Crayton v. Rochester Med. Corp.*, 2011 WL 475009, at *10 (E.D. Cal. Feb. 4, 2011) (identifying the elements of a manufacturing defect claim, including "the product's defect was a substantial factor in causing the harm."); *Rosa v. City of Seaside*, 675 F. Supp. 2d at 1011 (identifying the final element of a failure-to-warn claim as "the lack of sufficient warnings was a substantial factor in causing the plaintiff's harm").

435, 449 (S.D.N.Y. 2007) (finding that "proximate causation cannot be proven on a class-wide basis" for a subclass alleging personal injuries resulting from exposure to methyl tertiary butyl ether); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 66–68 (S.D.N.Y. 2002) (noting that, under NJPLA, causation and injury are individualized issues and that "all relevant Courts of Appeals and the bulk of relevant district court decisions have rejected class certification in products liability cases"); *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 396 (denying certification of a Rule 23(b)(3) class and explaining that, in products liability cases, "[n]o single happening or accident occurs to cause similar types of physical harm or property damage. No one set of operative facts establishes liability. No single proximate cause applies equally to each potential class member and each defendant[.]").

Individual fact issues affecting the Physical Injury Class are not confined to causation; they predominate class-wide damages too. Based on no more than Plaintiffs' allegations, there is a wide spectrum of potential physical injuries suffered by putative class members. For instance, Ostenfeld alleges that she experienced "skin irritation and persisting respiratory problems (including difficulty breathing, wheezing, and congestion, and shortness of breath), requiring ongoing medical attention." *See* Compl. ¶ 99. Stilwill alleges that she "began having increasingly worse sinus congestions and sinus infections," and was prescribed antibiotics by her primary care physician and eventually underwent surgery on her sinuses. *Id.* ¶ 102. And Murphy alleges that she and her family were "physically injured by the Products" and "began experiencing respiratory infections, skin infections, rashes, and hives." *Id.* ¶ 96. Plaintiffs also include allegations of physical injuries purportedly experienced by other individuals that include skin rashes, an abscessed root canal in a tooth, bacterial pneumonia, and septic shock. *Id.* ¶ 104.

In other words, Plaintiffs contend that there are innumerous ways in which putative class members' physical injuries may manifest and the magnitude of those injuries likely varies greatly. This is not a case, therefore, where damages could be calculated in a formulaic way. For this reason, courts around the country routinely refuse to certify Rule 23(b)(3) classes of individuals asserting personal injuries. *See In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. at 66 (denying certification of Rule 23(b)(3) class of individuals who claimed to have suffered personal injuries after using Rezulin); *Zehel-Miller v. Astrazenaca Pharms., LP*, 223 F.R.D. 659, 663 (M.D. Fla. 2004) (noting that certification of personal injury damages claims under Rule 23(b)(3) "would be indisputably inappropriate, since individual issues would overwhelm any common questions"); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 241 F.R.D. at 449 ("the injuries that people have suffered from exposure to MTBE, the disparities in the injuries, and the questions of whether the gasoline caused such injuries, are too great to satisfy Rule 23(b)(3)'s predominance requirement"); *Georgine v. Amchem Prods.*, 83 F.3d 610, 626–27 (3d Cir. 1996) (holding that Rule 23(b)(3) was not satisfied where the facts of the class members' personal injury claims varied widely). This case should be no different.

Individual issues as to damages are also evident from Plaintiffs' allegations and preclude certification of the Economic Injury Class and California Subclass. Again, on behalf of the Economic Injury Class, Plaintiffs raise claims for violation of NYGBL §§ 349–350 (Count I), Breach of Express Warranty (Count II), Breach of Implied Warranty (Count III), violation of the Magnuson-Moss Warranty Act (Count IV), and Unjust Enrichment (Count VIII). And for the California Subclass, Murphy raises claims under California's UCL (Counts IX and X) and FAL (Count XI).

As an initial matter, each of these claims is moot, as discussed in The Laundress's Motion to Dismiss. *See* Def.'s Memorandum of Law in Support of its Mot. to Dismiss, IV.A Plaintiffs allege, however, that The Laundress's full-refund offer as part of its recall does not moot these claims because "to receive compensation, consumers are required to have proof of purchase" and because The Laundress "does not offer compensation for remediation expenses" and "does not compensate consumers for discarding potentially contaminated property, including clothes and storage containers[.]" Compl. ¶¶ 83, 87. It is plain to see, based only on Plaintiffs' allegations, that individualized inquiry permeates the Economic Injury Class and California Subclass. To start, member-by-member inquiry is needed to determine whether a putative class member received a refund for his or her Products by participating in The Laundress's Product recall. And because Plaintiffs seek damages allegedly beyond what is provided by the recall, further individualized inquiry is needed to determine the damages, if any, putative class members suffered by "discarding … contaminated property, including clothes and storage containers[.]" *Id*. at ¶ 87. Given the variable nature of alleged injuries suffered by putative members of the Economic Injury Class and California Subclass, it is impossible that damages could be calculated in a formulaic way. *See, e.g.*, *Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452, at *6 (S.D.N.Y. 2010) ("Because individualized inquiries as to causation, injury, and damages for each of the millions of putative class members would predominate over any issues of law or fact common to the class, plaintiffs' § 349 claim cannot be certified under Rule 23(b)(3)").

Another area of individualized inquiry provides yet another reason the California Subclass cannot be certified. The claims raised by the California Subclass—based on allegations of The Laundress's fraudulent and unfair advertising of the Products—require, among other things, proof of reliance by putative class members on The Laundress's allegedly false or

misleading statements. *See Ivie v. Kraft Foods Global, Inc.*, Case No. 12–02554–RMW, 2013 WL 3296616, at *4 (N.D. Cal. June 28, 2013) (In order to bring a claim under the UCL or FAL, a plaintiff must demonstrate "a causal connection or reliance on the alleged misrepresentation."). Class-member-by-class-member reliance inquiries will thus predominate over common issues, precluding certification under Rule 23(b)(3). *See, e.g.*, *In re Fyre Festival Litig.*, 2020 WL 7318276, *7 (S.D.N.Y. 2020) (concluding predominance requirement was not satisfied when California's False Advertising Law and Unfair Competition Law require a party to demonstrate reliance (or defendant's intent to generate reliance)).

### 3.    A Nationwide Class Cannot Be Certified Under NYGBL.

Plaintiffs' attempt to bring a claim on behalf of the putative Economic Injury Class for purported violations of NYGBL §§ 349 and 350 (Count I) fails for another reason. Plaintiffs (or putative class members) cannot bring a claim under §§ 349 and 350 unless they show the "transaction in which [they were] deceived … occur[red] in New York." *See Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324–25 (N.Y. Ct. App. 2002) (§ 349 reveals an intent "to protect consumers in their transactions that take place in New York State. It was not intended to police the out-of-state transactions of New York companies[.]"). Whether a putative class member meets this threshold requirement requires a member-by-member inquiry that makes class adjudication of a putative nationwide class unmanageable and certification impossible. *See, e.g.*, *Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010) (dismissing nationwide class claims where "Plaintiffs have not alleged sufficient facts from which [the court] could reasonably deduce that [non-New York residents] w[ere] deceived in New York"); *see also In re Frito-Lay N. Am., Inc. All Natural Litig.*, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (dismissing putative nationwide NYGBL §§ 349 and 350 claims at the pleading stage).

**D.  The Court Should Strike Plaintiffs' 23(c)(4) Class Allegations**

Perhaps recognizing the uphill battle they face in certifying classes under Rule 23(b)(1)(A), (b)(1)(B), and (b)(3), Plaintiffs ask in the alternative for certification of a variety of issues under Rule 23(c)(4). *See* Compl. ¶ 121. Rule 23(c)(4) allows, "when appropriate," that "an action may be brought or maintained as a class action with respect to particular issues[.]" Fed. R. Civ. P. 23(c)(4)(A). But issue certification "is not appropriate if, despite the presence of a common issue, certification would not make the case more manageable." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 209 F.R.D. 323, 351 (S.D.N.Y. 2002). Here, Plaintiffs fail to carry their "burden of showing that issue certification will materially advance a disposition of the litigation as a whole." *Id.*

Plaintiffs seek certification of myriad issues, including but not limited to "whether the Products designed, manufactured, and labeled by [The Laundress] were safe for their intended use," "whether the Products deviated from design specifications or formulation," "whether [The Laundress] made false and/or misleading statements and omissions concerning the Products and the risks associated with those Products," and "whether Plaintiffs and the Class are entitled to actual and compensatory damages, statutory damages, and medical monitoring." *See* Compl. ¶ 114. In effect, Plaintiffs simply seek to certify issue classes as to the elements of their various causes of action. This is not an appropriate use of issue certification and will not materially advance the litigation. Plaintiffs' attempt to certify a class under Rule 23(c)(4) should be rejected by the Court. *See, e.g.*, *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 639 (N.D. Cal. 2015) (denying Rule 23(c)(4) issue certification because "Plaintiffs appear to be stretching the rule beyond its intended application. That is, Plaintiffs are basically asking the Court to have every element of a claim for fraudulent inducement and/or breach of express warranty subject to class treatment"); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 656 (C.D. Cal.

1996) (rejecting alternative request for issue certification as "inherently complicated and incredibly inefficient" when resolving issues on a class-wide basis "would still require the Court to overcome numerous complexities raised by having to apply so many different state laws"); *Benner v. Becton Dickinson & Co.*, 214 F.R.D. 157, 169 (S.D.N.Y 2023) (denying Rule 23(c)(4) issues subclasses where issue certification "would not materially advance the litigation").

## V.   CONCLUSION

It is apparent from the face of the Complaint that certification of the Physical Injury Class, Economic Injury Class, and California Subclass that Plaintiffs seek to represent is impossible. For the foregoing reasons, The Laundress respectfully requests that the Court strike Plaintiffs' class allegations in the Consolidated Class Action Complaint.

Dated: June 1, 2023

Respectfully submitted,
*/s/ Ronald Y. Rothstein*
Ronald Y. Rothstein (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
rrothste@winston.com
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Jared Kessler (*pro hac vice*)
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, FL 33131
jrkessler@winston.com
Telephone: (305) 910-0500
Facsimile: (305) 910-0505

Rebecca Loegering (*pro hac vice*)
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
rloegering@winston.com
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

ATTORNEYS FOR THE LAUNDRESS, LLC