UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re Laundress Marketing and Product Liability Litigation* | Master Docket No.: 1:22-cv-10667-JMF |
| This Document Relates to: | All Actions |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Rule 7(A) of this Court's Individual Rules and Practices in Civil Cases governs "Redactions Not Requiring Court Approval" and this Court's Rule 7(B) governs "Redactions and Sealed Filings Requiring Court Approval";

WHEREAS, the parties in the above-captioned consolidated litigation (collectively the "Parties"[1] and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain additional nonpublic and competitively sensitive information that is not covered by the materials defined in the Court's Individual Rule that the parties or non-parties may need to disclose and/or file in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

---

[1] The "Parties" are plaintiffs and defendants in the following actions: *Ostenfeld, et al. v. The Laundress, LLC*, 22-CV-10667 (JMF); *Sites v. Unilever United States, Inc., et al.*, 23-CV-4920 (JMF); *Safran v. The Laundress, LLC, et al.*, 24-CV-865 (JMF); *Nixon v. The Laundress, LLC, et al.*, 24-CV-1630 (JMF); and *Macha v. The Laundress, LLC*, No. 1:24-cv-2108 (JMF).

1

IT IS HEREBY ORDERED that any person subject to this Order— including the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no Party or nonparty subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or nonparty producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" such material or the portion of such material that it reasonably and in good faith believes is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G), or is protected under applicable laws or regulations, including privacy or data protection laws, or the disclosure of which would be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients.  These may include, without limitation, documents produced in the case, during formal discovery or otherwise; information of nonparties which the Producing Party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are appropriately designated confidential pursuant to this Discovery Confidentiality

Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Confidential." For the purposes of the case, information originally designated as "Confidential" shall not retain that status after any ruling by the Court denying such status to it. Parties and/or nonparties subject to this Order shall act in good faith in designating information as "Confidential," which in good faith believe consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) non-public material relating to ownership or control of any non-public company;

(c) non-public business plans, proprietary business information, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) any non-public information that a party in good faith determines to be confidential information, trade secrets, or competitively or commercially sensitive information, and nonpublic personal information as defined in applicable data privacy/data protection laws; or

    (f)  any other category of information this Court subsequently affords confidential status or the Producing Party believes in good faith warrants Confidential designation under this Order.

  3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

  4.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the receipt of the rough transcript of the deposition, of the specific pages and lines of the transcript (and if applicable, exhibits) that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript (and if applicable, exhibits) in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of the rough transcript, all Parties will treat the entire deposition transcript and corresponding exhibits as if it had been designated Confidential.

  5.  The inadvertent failure by a Producing Party to designate material with the correct confidentiality designation shall not waive any such designation.

4

If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing, and promptly after providing such notice, producing re-labeled copies of the material to each Receiving Party reflecting the change in designation. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. All Confidential Information shall be used by the party receiving such information (the "Receiving Party") solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 8, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

8. Discovery Material designated as Confidential may be disclosed only to the following persons:

a) The Parties to this action, their insurers, and counsel to their insurers;

b) Counsel retained specifically for this action and their associated attorneys, paralegals and other professional personnel (including support staff), and service vendors (including outside copying and litigation support services and e-discovery vendors) who are directly assisting such counsel in the conduct of this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;;

c) Outside experts, consultants, vendors or service providers (such as copy-service providers, deposition stenographers and videographers, and document-management consultants) retained by outside counsel for purposes of this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d) Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) Secretarial, paralegal, clerical, duplicating and data processing personnel employed by the individuals identified in paragraph 9(a) through 9(d) who have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  f) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  g) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

  h) This Court, including any appellate court, its support personnel, and court reporters.

  9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(c), 8(d), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  10. In accordance with Paragraph 7(C) of this Court's Individual Rules and Practices in Civil Cases, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request and then seek leave of Court before filing the relevant motion, brief, or other submission.

  11. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or

that anticipates that another party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 3(E) of this Court's Individual Rules and Practices in Civil Cases.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 3(E) of this Court's Individual Rules and Practices in Civil Cases.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Party or nonparty asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential information under this Order.

17. Pursuant to Federal Rule of Civil Procedure 502(d), the disclosure of privileged information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege in this matter or any other federal or state proceeding.  Upon notice or discovery that privileged information has been produced, the Receiving Party shall promptly destroy or return the privileged Discovery Material (and all paper and electronic copies) to the Producing Party. The Receiving Party shall delete the privileged Discovery Material from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. Within seven days of the aforementioned deletion or return of privileged Discovery Material, the Producing Party shall provide the Receiving Party with a privilege log regarding the privileged Discovery Material. The Receiving Party may move the Court for an order compelling production of the privileged Discovery Material, which shall be filed under seal, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the production. The Receiving Party may make no use of the privileged Discovery Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and other applicable laws and regulations.

18.     The Producing Party retains the burden of establishing the privileged or protected nature of any Discovery Material subject to a claim of privilege. Nothing in this Order shall limit the right of any party to request an *in camera* review of any Discovery Material subject to a claim of privilege by the Producing Party.

19.     Notwithstanding the provisions of this Order, any of the Parties may redact from any document, whether or not designated Confidential Information under this Order, any information that is subject to a valid claim of privilege or work-product immunity, provided that the party expressly makes that claim and provides the basis therefor, in accordance with Fed. R. Civ. P. 26(b)(5).

20.     Within 60 days of the final disposition of this action—including all appeals – all recipients of Confidential Discovery Material must either return it—including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SQUITIERI & FEARON, LLP**

By: */s/ Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: stephen@sfclasslaw.com

*Attorneys for Ostenfeld Plaintiffs*

**WINSTON & STRAWN LLP**

By: */s/Ronald Y. Rothstein*
Ronald Y. Rothstein
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
rrothste@winston.com

*Attorneys for Defendants*

**WILLIAMS CEDAR LLC**

By: */s/ Dylan T. Hastings*
Dylan T. Hastings, Esquire
One South Broad Street
Suite 1510
Philadelphia, PA 19107
Phone: 215-557-0099
Facsimile: 215-557-0673
dhastings@williamscedar.com

*Attorneys for Sites Plaintiffs*

**SWANSON, MARTIN & BELL, LLP**

By: */s/ Michael A. McCaskey*
Michael A. McCaskey
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois
60611 (312) 321-9100
(312) 321-0990 – Fax
mmccaskey@smbtrials.com

*Attorneys for Safran Defendants*

**JOHNSON BECKER, PLLC**

By: */s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

*Attorneys for Nixon Plaintiff*

**GALLAGHER LAW OFFICE, LLC**

By: /s/ *Michael L. Gallagher*
Michael L. Gallagher
161 N. Clark Street, Suite 3050
Chicago, IL 60601 (312) 910-5050
mlg@gallagherinjurylaw.com

*Attorneys for Safran Plaintiff*

**VLADIMIR TSIRKIN AND ASSOCIATES, PA**

By: /s/ *Vladimir Tsirkin*
Vladimir Tsirkin
800 SE 4th Ave, Ste 620
Hallandale Beach, FL 33009
305-831-4333
Fax: 732-525-2202
Email: vtsirkin@spetslaw.com

*Attorneys for Macha Plaintiffs*


Dated: ___June 11___, 2024          SO ORDERED

                                    _____
                                    Hon. Jesse M. Furman
                                    United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

The Clerk of Court is directed to terminate ECF No. 132.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In Re Laundress Marketing and Product Liability Litigation* | Master Docket No.: 1:22-cv-10667-JMF |
| This Document Relates to: | All Actions |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: