# Vladimir Tsirkin
# & Associates | PA

800 SE 4th Ave | Suite 620 | Hallandale, FL 33009 | Tel./SMS: (305) 831-4333 | Fax: (732) 525-2202

02/27/2025

***VIA ECF***

Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> ***Re:     In Re Laundress Marketing and Product Liability Litigation, No.: 1:22-cv-10667-JMF***
> ***Relates To: Macha v. The Laundress, LLC, No.: 1:24-cv-02108-JMF***

Dear Judge Furman:

This firm represents the plaintiffs, A.S., a minor, and her parents, Olga Macha and Lauris Macs (collectively, "Plaintiffs"), in the aforementioned product liability action against the defendant, The Laundress, LLC ("Defendant").

This product liability action stems from the injuries sustained by A.S. at the age of ten as a result of being exposed to Defendant's defective products contaminated with lethal bacteria. A.S. has suffered and will continue to suffer physical and mental harms, including, but not limited to, suicidal attempts, mood swings, anxiety and panic attacks.

By way of this letter motion, we seek a protective order pursuant to F.R.C.P. 26(c)(l) to establish certain restrictions on A.S.'s deposition currently scheduled for May 10, 2025, that would alleviate unnecessary harm to A.S.

In compliance with F.R.C.P. 26(c)(1), the undersigned hereby certifies that I have conferred with the attorneys for Defendant on multiple occasions relative to their request for A.S.'s March 10, 2025, deposition and have been unable to resolve our dispute on this issue.

As Defendant continues to insist upon taking the deposition of A.S., Plaintiffs now move for a protective order to establish certain restrictions on the deposition, particularly, to (a) limit A'S's deposition to one hour, (b) allow A.S.'s parents to be present at the deposition; and (c) limit the scope of the deposition to A'S's present condition, her current complaints and capabilities.

"A party or any person from whom discovery is sought may move for a protective order", Fed. R. Civ. P. 26(c)(1), and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. In determining whether a protective order is appropriate, the court should consider "(1) the evidence of annoyance, embarrassment, oppression, or undue burden or expense; (2) how central or tangential the evidence sought is in relation to the central issues in the litigation; (3) the importance of the issues in the litigation to the public; (4) the parties' stakes in the outcome of the litigation; (5) whether the evidence sought is available from other sources; and (6) whether the discovery of the evidence can be conditioned on terms that would alleviate the hardship in producing it." Bryant by & Through Bryant v. Milhorat, No. 09-CV-1751 (AKT), 2011 WL 13305291, at *1 (E.D.N.Y. Aug. 22, 2011) (quoting In re Initial Public Offering Sec. Litig., 220 F.R.D. 30, 36 (S.D.N.Y. 2003)).

A.S. is a fragile child with history of a suicide attempt who was subsequently Baker-acted. She has been diagnosed with anxiety and depression, and has been on anti-depressant medications since the time of her injuries.

The information sought from A.S.'s testimony is readily available from other sources. For instance, Defendant has requested the entire A.S.'s school, medical and psychiatric record, has deposed A.S's mother and has noticed for deposition A.S.'s stepfather, her **four** (4) treating physicians and her maternal grandmother. In addition, Defendant subpoenaed records from **twenty-four** (24) A.S.'s medical providers. Clearly, there is no missing evidence about which only A.S. can testify.

Plaintiffs acknowledge Defendant's entitlement to hear in A.S's own words her account of her daily activities, any complaints she may have about her present condition, and her awareness of her condition. However, A.S. must be spared of the trauma of being deposed unrestrictedly. "Although depositions might have yielded more information . . . it would have come at the price of confronting the infant plaintiffs with traumatic facts and graphic images." D. v. City of New York, No. 14CIV7131JGKHBP, 2016 WL 4734592, at *4 (S.D.N.Y. Aug. 22, 2016), report and recommendation adopted sub nom. D v. City of New York, No. 14CV7131JGKHBP, 2016 WL 4735365 (S.D.N.Y. Sept. 9, 2016).

In ruling on a motion for a protective order, courts may specify terms in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Where a deponent is a minor, other courts have considered restrictions that would alleviate potential harm to the deponent. See Bryant by & Through Bryant 2011 WL 13305291; see also Graham v. City of New York, No. 08-CV-3518(KAM) (RML, 2010 WL 3034618, at *1 (E.D.N.Y. Aug. 3, 2010) 2010 WL 3034618, at *5 (requiring defendant's counsel to "proceed cautiously and sensitively"); Kuyper v. Board of County Commissioners of Weld County, No. 09-cv-00342, 2010 WL 4038831, at *2 (D. Colo. Oct. 14, 2010) (scheduling a hearing to consider time limits and whether court would officiate deposition if plaintiffs made such a request).

In light of the aforementioned, Plaintiffs asked Defendant to (a) limit A'S's deposition to one hour,  (b) allow A.S.'s parents to be present at the deposition; and (c) limit the scope of the deposition to A'S's present condition, current complaints and capabilities. Defendant, however, **declined**.

In view of the reasons set forth above, it is respectfully requested that this Honorable Court grant the instant motion for a protective order to (a) limit A'S's deposition to one hour,  (b) allow A.S.'s parents to be present at the deposition; and (c) limit the scope of the deposition to A'S's present condition, her current complaints and capabilities.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

Dated: February 27, 2025,                 **VLADIMIR TSIRKIN & ASSOCIATES**

By: */s/ Vladimir Tsirkin*
Vladimir Tsirkin, Esq.
*Attorneys for Plaintiffs*
800 SE 4th Ave, Ste 620
Hallandale Beach, FL 33009
Telephone: (305) 831-4333
Facsimile: (732) 525-2202
Email: vt@99crash.com

Per the Court's Individual Rules, any opposition shall be filed as a letter, not to exceed three pages, within three business days.

SO ORDERED.

February 27, 2025