```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
IN RE LAUNDRESS MARKETING AND PRODUCT                 :    22-CV-10667 (JMF)
LIABILITY LITIGATION                                  :
                                                      :    MEMORANDUM OPINION
This Document Relates To:                             :    AND ORDER
Wyatt v. The Laundress, LLC, No. 24-CV-7083 (JMF)     :
                                                      :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this litigation, familiarity with which is presumed, various Plaintiffs bring lawsuits against The Laundress, LLC, following the recall of some of its cleaning products due to potential bacterial contamination. This particular case is brought by Carol Jean Wyatt, a resident of Oregon, who alleges that, in August 2022, she purchased a bottle of fabric spray in her home state that was designed, manufactured, and sold by The Laundress and, after using the product for several weeks, was hospitalized with "sepsis derived from pneumonia." ECF No. 173 ("Compl.") ¶¶ 6-7, 13. Wyatt alleges that the spray contained "harmful bacteria," such as "*Klebsiella aerogenes, Burkholderia cepacia* complex, and *pseudomonas*," *id.* ¶ 31, and that, as a result of this contamination, she was "exposed to *pseudomonas* and contracted a *pseudomonas aeruginosa*," *id.* ¶ 32, which "has the potential to lead to sepsis and organ failure," *id.* at 2 n.4. She brings claims for strict liability, negligence, breach of express warranty, and breach of implied warranty, all of which, the parties agree, are subject to Oregon law. *Id.* ¶¶ 36-89; *see* ECF No. 181 ("Def.'s Mem."), at 3-4; ECF No. 199 ("Wyatt Opp'n"), at 7; *see also Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016). The Laundress now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Wyatt's first three claims.

The Laundress's motion is granted as unopposed with respect to Wyatt's breach of express warranty claim. *See* Wyatt Opp'n 5 n.1 ("Based on the briefing, Plaintiff will concede

her claim for Breach of Express Warranty."). The motion can otherwise be swiftly rejected. The Laundress argues that Wyatt's strict liability and negligence claims are insufficient under Oregon law because Wyatt "fails to identify a single specific design defect or explain how the product deviated from its manufacturing or design specifications." Def.'s Mem. 6. But that is not the case. Wyatt explicitly alleges that The Laundress's fabric spray was contaminated with "dangerous levels" of "*pseudomonas aeruginosa*" and that such contamination was a deviation from the product's design and manufacturing specifications, which were aimed at creating a "safe and toxin-free" product. *See, e.g.*, Compl. ¶¶ 40-43; 56-59. She further alleges various design and manufacturing deviations that could have caused the contamination, such as the use of "contaminated raw materials" and "manufactur[ing] in conditions that allowed for bacterial growth." *See, e.g.*, Compl. ¶¶ 44, 60. These allegations, taken together and assumed to be true, are a far cry from the conclusory allegations found to be insufficient in the decisions cited by The Laundress. *See* Def.'s Mem. 5-6; ECF No. 200 ("Def.'s Reply"), at 2. More to the point, the Court concludes they are sufficient to "nudge[]" Wyatt's "claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In short, The Laundress's motion to dismiss is GRANTED as to Wyatt's express warranty claim and otherwise DENIED. Unless and until the Court orders otherwise, The Laundress shall file its Answer to Wyatt's remaining claims within three weeks of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

The Clerk of Court is directed to terminate ECF No. 180.

SO ORDERED.

Dated: March 4, 2025
      New York, New York

_____
JESSE M. FURMAN
United States District Judge