UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                   :

IN RE LAUNDRESS MARKETING AND PRODUCT     :                                                                  
LIABILITY LITIGATION                                 :             22-CV-10667 (JMF)
                                   :
                                     :        <u>MEMORANDUM OPINION</u>
                                     :             <u>AND ORDER</u>
*This Document Relates To:*                 :
*Ostenfeld et al. v. The Laundress, LLC*      :
                                     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On February 21, 2025, Defendant The Laundress, LLC moved to dismiss Plaintiff

Margaret Murphy's class claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. ECF No. 205. Murphy is one of four named Plaintiffs in a Consolidated Class

Action Complaint ("Complaint"). *See* ECF No. 16.[1] Per the Court's February 24, 2025 Order,

any opposition to the motion was due on March 6, 2025. ECF No. 209. To date, no opposition

has been filed — either by Murphy or by the other named Plaintiffs (the "Ostenfeld Plaintiffs").

        Defendant's motion must be and is GRANTED because Murphy is no longer represented

by counsel. *See* ECF No. 219. It is well established that "a *pro se* plaintiff cannot assert claims

on behalf of third parties." *Baker v. Am. Soc'y of Composers, Authors & Publishers*, No. 21-CV-

11126 (JMF), 2023 WL 2786778, at *2 (S.D.N.Y. Apr. 5, 2023); *see also Iannaccone v. Law*,

142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person

may not appear on another person's behalf in the other's cause."). Courts have applied this

principle to bar *pro se* litigants from bringing class action claims. *See, e.g.*, *Kimber v. Tallon*,

---

[1]       The other plaintiffs in this consolidated action are Lori Ostenfeld, Judy Stilwill, and
Deborah Geschwind.

556 F. App'x 27, 28 (2d Cir. 2014) (summary order) ("Generally, it is inappropriate for a *pro se* litigant to represent the interests of a class."); *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (explaining that it is "well established" that a *pro se* litigant "cannot adequately represent the interests of other class members") (summary order); *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (dismissing a plaintiff's class action claims because he was "proceeding *pro se* and cannot bring a class action on behalf of others"); *Jaffe v. Cap. One Bank*, No. 09-CV-4106 (PGG), 2010 WL 691639, at *10-11 (S.D.N.Y. Mar. 1, 2010) ("[A] *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel."). Accordingly, the Court dismisses without prejudice any claims that Murphy asserts on behalf of others.

Defendant also argues that Murphy's claims should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, *see* ECF No. 206, at 5-6, which would extend to her claims on behalf of herself as well. Out of an abundance of caution, however, the Court will give Murphy one more opportunity to be heard before taking that step. Thus, Murphy is ORDERED to indicate, no later than **April 18, 2025**, whether she intends to pursue her individual claims. If she does not do so, the Court will dismiss her claims altogether as abandoned or for failure to prosecute and order the Ostenfeld Plaintiffs to file an Amended Consolidated Class Action Complaint that removes reference to her. *See* ECF No. 204, at 5-6.

In short, Defendant's motion is GRANTED with respect to Murphy's class claims and Murphy is ORDERED to confirm, no later than **April 18, 2025**, if she intends to pursue her individual claims. As the Court does not have Murphy's address, counsel for the Ostenfeld Plaintiffs is ORDERED, no later than **March 21, 2025**, to serve a copy of this Order by regular mail on Murphy and to file proof of such service — with her address — on ECF.

The Clerk of Court is directed to terminate ECF No. 205.

SO ORDERED.

Dated: March 20, 2025
     New York, New York

                                          JESSE M. FURMAN
                               United States District Judge