Squitieri & Fearon, LLP
205 Hudson Street, 8th Floor
New York, New York 10013
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com

Paul V. Sweeny
paul@sfclasslaw.com

**SQUITIERI & FEARON LLP**

**VIA CM/ECF**                                                                 March 20, 2025

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   *In Re Laundress Marketing and Product Liability Litigation*, No.: 1:22-cv-10667
          *Ostenfeld, et al. v. The Laundress, LLC*, No. 1:22-cv-10667
          <u>Letter Motion Re Motion to File Document Under Seal</u>

Dear Judge Furman:

      This firm represents the *Ostenfeld* Plaintiffs Deborah Geschwind, Lori Ostenfeld, and Judy Stilwill. I write this letter on behalf of Plaintiff Deborah Geschwind to seek leave to file under seal portions of Ms. Geschwind's letter response to Defendant The Laundress, LLC's ("Laundress") letter motion for Local Rule 37.2 Conference Re Motion to Compel. *See* ECF No. 237.

      Ms. Geschwind seeks leave to file under seal a portion of the letter response and a portion of Ms. Geschwind's deposition (Exhibit 1 to the letter response) disclosing non-public, sensitive health information about Plaintiff and her mother, information which is regularly sealed in this Circuit. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information. *Robinson v. De Niro*, No. 19-cv-9156-LJL-KHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022); *see also, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information"); *see also* Individual Rules at 7.A. (The parties may "without prior Court approval, redact from their public filings . . . medical records [including information regarding treatment and diagnosis.]"). The portions of the letter response and deposition transcript Ms. Geschwind seeks to seal are highlighted in green. *See* Letter Response at 2 n.3; Exhibit 1, Geschwind Depo. at 33:18-34:2.

      Ms. Geschwind also seeks leave to file under seal portions of Ms. Geschwind's deposition (Exhibit 1 to the letter response) and portions of Ms. Geschwind's online purchase records produced during discovery (Exhibit 4 to the letter response) disclosing Ms. Geschwind's home address (except city and state), email address, phone number, and customer number for one online shopping account, information which is also regularly sealed in this Circuit. *Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) ("[T]he Court appreciates that there is certain information contained in the resumes, such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public, has no bearing on this Court's Report and Recommendation on Defendants' Motion for Summary

Judgment, and has been recognized by courts in this Circuit as the type of personal information that should be shielded from public disclosure.") (citing *Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562(SHS), 2012 WL 4888534, at *1 (S.D.N.Y. Oct. 12, 2012)); *see also see also* Individual Rules at 7.A ("Parties should not include in their public filings home addresses [use only the Cite and State]. Parties may also without prior Court approval, redact from their public filings any personal identifying number and individual financial information") (cleaned up).  The portions of the purchasing records and deposition transcript Ms. Geschwind seeks to seal are highlighted in green. *See generally* Exhibit 1, Geschwind Depo. at 61:12-13; Exhibit 4, Purchasing Records.[1]

Plaintiff's counsel thanks the Court for its attention to this sealing matter and are available at the Court's convenience if it has further questions or requires additional information.

Respectfully submitted,

/s/ *Paul V. Sweeny*
Paul V. Sweeny

cc:   All Counsel of Record (via CM/ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  For future reference, Rule 7 of the Court's Individual Rules requires any party seeking leave to file a redacted document to *simultaneously* publicly file on ECF the redacted document.  Plaintiffs are ORDERED to publicly file any redacted documents no later than **March 24, 2025**.

SO ORDERED.

March 21, 2025

---

[1] The purchasing records (Exhibit 2) were previously produced to Defendant with a redaction of an attorney-client communication on Geschwind0050 (not at issue here) and with yellow highlights provided by Ms. Geschwind.

2