UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
IN RE LAUNDRESS MARKETING AND PRODUCT     :
LIABILITY LITIGATION,                                                  :
:
:                    22-CV-10667 (JMF)
:
*This Document Relates To:*                                              :
*Ostenfeld et al. v. The Laundress, LLC*, No. 22-CV-10667   :      <u>DISMISSAL ORDER</u>
(JMF)                                                                  :
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

      On March 20, 2025, the Court granted Defendant's motion to dismiss Plaintiff Margaret Murphy's class claims and ordered Murphy to submit a letter to the Court, no later than April 18, 2025, if she intends to pursue her individual claims. *See* ECF No. 240. To date, no letter has been filed.

      The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).

      In light of Murphy's lack of intent to proceed with her individual claims, dismissal of those claims is warranted. However, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

      Accordingly, it is hereby ORDERED that Murphy's remaining claims are dismissed without prejudice for failure to prosecute.[1] The Clerk of Court is directed to terminate Murphy as a Plaintiff in this case and to mail a copy of this Order to Murphy (notwithstanding the fact that it will presumably be returned as undeliverable).

      SO ORDERED.

Dated: April 25, 2025
      New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

---

[1] Upon reflection, and despite what it said at ECF No. 240, the Court sees no reason why the remaining Plaintiffs need to file an Amended Consolidated Class Action Complaint removing reference to Murphy. If the parties disagree, they should confer and Plaintiffs are granted leave to do so no later than **May 9, 2025.**