

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
rrothste@winston.com

May 8, 2025

**BY ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *In re Laundress Marketing and Product Liability Litigation – Joint Statement in Advance of Pretrial Conference Scheduled on May 15, 2025.*

In anticipation of the upcoming pretrial conference on May 15, 2025, and pursuant to the Court's Amended Civil Case Management Plan and Scheduling Order ("Amended Scheduling Order"), ECF No. 186, and the Court's Order dated October 7, 2024, ECF No. 144, the Parties to the Member Cases of *In re Laundress Marketing and Product Liability Litigation* submit the following status letter and state the following:

(1) **A statement indicating whether the parties believe they can do without the pretrial conference altogether. If not, the Court will hold the pretrial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;**

Currently, the Parties believe that a pretrial conference is not necessary. However, should the Court prefer to hold a conference, the Parties' counsel are available on May 15, 2025 at 9:00 a.m. which is the date and time currently scheduled for the pretrial conference.

(2) **A statement of all existing deadlines, due dates, and/or cut-off dates;**

In *Ostenfeld*, *Macha*, *Safran, Wyatt*, Defendant has answered the operative complaints. ECF Nos. 98, 155, 157, 247. The *Ostenfeld* Plaintiffs filed an Amended Consolidated Class Action Complaint on May 6, 2025, and Defendant will file an answer within fourteen days pursuant to the Federal Rule of Civil Procedure 15. In *McGowan* the Parties have fully briefed the issues raised in the motions to dismiss and are awaiting a ruling from the Court. ECF Nos. 201–203, 224, 233.

The deadlines, due dates, and/or cut-off dates that remain per the Court's Amended Scheduling Order are as follows:

1. Discovery

    a. All fact discovery shall be completed no later than July 11, 2025.

    b. All expert discovery, including reports, production of underlying documents, and depositions, as well as class certification and *Daubert* motion briefing, shall be completed in accordance with the following schedule:

        i. The deadline for *Ostenfeld* Plaintiffs to file a motion for class certification and all Plaintiffs to serve expert reports is August 29, 2025.

        ii. The deadline to complete depositions of Plaintiffs' expert(s) is October 15, 2025.

        iii. The deadline for Defendant to file opposition to motion for class certification, serve expert reports, and file any *Daubert* motion (on a consolidated basis as to any/all experts) is November 17, 2025.

        iv. The deadline to complete depositions of Defendant's expert(s) is January 5, 2026.

        v. The deadline for *Ostenfeld* Plaintiffs to file any reply in support of motion for class certification and to file any *Daubert* motion (on a consolidated basis as to any/all experts) is January 19, 2026.

        vi. Unless and until the Court orders otherwise, any opposition to a *Daubert* motion shall be filed within 30 of a motion, and any reply shall be filed within 14 days of any opposition.

2. Interim Discovery Deadlines

    a. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    b. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by July 11, 2025.

    c. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

3. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

4. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Unless and until the Court orders otherwise, summary judgment motions are to be filed within thirty (30) days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed no later than 30 days after the motion is served on the opposing party, and a reply, if any, is to be filed no later than two weeks after service of any opposition.

5. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

**(3) A brief description of any outstanding motions;**

At the time of this joint letter, there is a pending motion to dismiss in the *McGowan* case. The motion to dismiss in *McGowan* became ripe as of March 13, 2025. *See* ECF Nos. 201–203, 224, 233.

On April 30, 2025, an additional case styled as *Lindsay Gontz v. The Laundress, LLC*, No. 1:25-cv-03588 was filed in the Southern District of New York where plaintiff, who is represented by the same counsel as plaintiffs *Wyatt* and *McGowan*, alleges she suffered injuries as a result of using a The Laundress Product. Defendant's analysis is ongoing, but Defendant anticipates filing a motion to dismiss part or all of the Gontz Complaint.

**(4) A brief description of the status of discovery and of any additional discovery that needs to be completed;**

The Parties have exchanged written discovery and responses and objections to the same. Plaintiffs Lori Ostenfeld, Judy Stilwill, David Safran, Olga Macha, Deborah Geschwind, Carol Jean Wyatt, and Peter Charles McGowan have served responses and objections to The Laundress's written discovery requests and have also produced documents responsive to The Laundress's Requests for Production of Documents. Defendant is in the process of conferring with Plaintiffs Wyatt and McGowan concerning their written discovery responses and document production.

Regarding The Laundress's data collection, processing, and production, the Parties conferred in good faith and reached agreement on search terms to be applied to its data. Using those agreed-upon search terms, The Laundress has substantially completed its document production and is continuing rolling productions of documents responsive to Plaintiffs' Requests for Production of Documents.

Plaintiffs took the depositions of (i) Hannah Yokoji, The Laundress's Head of Marketing; and (ii) The Laundress's Corporate Representative; and (iii) Christine Joedecke, The Laundress's former Chief Financial Officer. Plaintiffs have also served a deposition notice to Jill Ginsberg, The

Laundress's former Head of Ecommerce, that is scheduled for May 8, 2025. Depositions of Judy Stilwill, Deborah Geschwind, and David Safran are complete. Depositions of the *Macha* Plaintiffs are substantially complete. Defendant anticipates serving notices of deposition to Carol Jean Wyatt and Peter Charles McGowan shortly.

Third party discovery is also ongoing. The Laundress has subpoenaed Plaintiffs' medical providers. Plaintiffs have served document production subpoenas on Fragrance Manufacturing, Inc. d/b/a FMI, Novapac Laboratories, Inc., and Webco Chemical Corporation, the manufacturers of The Laundress's Products. As of the date of this letter, FMI and Novapac have produced documents responsive to Plaintiffs' subpoenas. Webco has not produced documents and has represented to Plaintiffs' counsel that it did not manufacture any of the recalled The Laundress products at issue in this case. Numerous subpoenaed medical providers have produced documents responsive to The Laundress's subpoenas, but several are still outstanding.

Plaintiffs have also served subpoenas on Conopco, Inc. d/b/a Unilever Home & Personal Care USA ("Unilever"), The Laundress's parent corporation, Seventh Generation, another brand owned by Unilever, and Premiere Response, a company that assisted The Laundress in responding to customer complaints related to the recall. Plaintiffs have also issued subpoenas for documents to the following former The Laundress employees: Madeline McGinley, the former Director of Product, Jill Ginsberg, the former Head of Ecommerce, Dana MacDonald, Head of Customer Development, Brendan Taylor, former Chief Executive Officer, and Kateryna Tulio, former Global Director of Supply Chain.

The parties have been working diligently to complete fact discovery by this deadline. However, document production and depositions are continuing and Plaintiffs informed Defendant on May 6, 2025 that Plaintiffs expect to request a two- or three-month extension of the fact discovery deadline, most likely without changing other pre-trial deadlines, in order to complete necessary depositions and related discovery. Defendant does not believe an extension of the fact discovery deadline is necessary at this time but is willing to meet and confer with Plaintiffs' counsel to consider any specific requests Plaintiffs have to modify the schedule.

**(5) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party was involved, and the approximate duration of such discussions, if any;**

Settlement discussions have taken place between The Laundress and several of the Plaintiffs in the related cases. The Parties continue to explore paths to potential resolution.

**(6) A statement of whether or how the Court could facilitate settlement of the case;**

The Parties appreciate the Court's time and attention to this litigation and the related cases but, at this time, do not believe there is anything for the Court to do to facilitate settlement of the case. The Parties are working well together to move through discovery and have, to date, mostly avoided the need for Court intervention on discovery issues. The Parties expect their working relationship to continue.

**(7) A statement of the anticipated length of trial and whether the case is to be tried to a jury;**

The Parties have conferred, and the present best estimate of the length of trial is two (2) weeks for *Ostenfeld*, and one (1) week each for *Safran*, *McGowan, Wyatt* and *Macha*.

**(8) A statement of whether the parties anticipate filing motions for summary judgment;**

Given that discovery is ongoing, the Parties have not fully assessed the viability of motions for summary judgment. As discovery progresses, the Parties will evaluate the potential for motions for summary judgment to resolve some or all of the issues presented in the related cases.

**(9) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.**

At this time, there are no other issues to be addressed by the Court or that the Parties believe would advance the case toward settlement or trial.

Respectfully submitted,

**SQUITIERI & FEARON, LLP**
**Attorneys for *Ostenfeld* Plaintiffs**

By: */s/ Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.

**WINSTON & STRAWN, LLP**
**Attorneys for Defendant**

By: */s/ Ronald Y. Rothstein*
Ronald Y. Rothstein

**GALLAGHER LAW OFFICES LLC**
**Attorneys for *Safran* Plaintiff**

By: */s/ Michael L. Gallagher*
Michael L. Gallagher

**SWANSON, MARTIN & BELL, LLP**
**Attorneys for *Safran* Defendant**

By: */s/ Michael A. McCaskey*
Michael A. McCaskey

**JOHNSON BECKER, PLLC**
**Attorneys for *McGowan* and *Wyatt* Plaintiffs**

By: */s/ Adam J. Kress*
Adam J. Kress

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN**

**Attorneys for *McGowan* and *Wyatt*
Plaintiffs**

By: */s/ Randi Kassan*
Randi Kassan

**VLADIMIR TSIRKIN & ASSOCIATES
Attorneys for *Macha* Plaintiff**

By: */s/ Vladimir Tsirkin*
Vladimir Tsirkin

cc: All counsel via ECF

In light of the parties' joint letter, the pretrial conference scheduled for May 15, 2025, is hereby ADJOURNED to **July 17, 2025, at 9:00 a.m**.

SO ORDERED.

May 9, 2025