UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                                    :

IN RE LAUNDRESS MARKETING AND PRODUCT    :        22-CV-10667 (JMF)
LIABILITY LITIGATION                              :

                                    :      MEMORANDUM OPINION
*This Document Relates To:*                   :        AND ORDER
*McGowan v. The Laundress, LLC*, No. 24-CV-8018 (JMF)   :

                                    :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this litigation, familiarity with which is presumed, various Plaintiffs bring lawsuits

against The Laundress, LLC ("The Laundress"), following the recall of some of its cleaning

products due to potential bacterial contamination. This particular case is brought by Peter

Charles McGowan, a resident and citizen of Minnesota, who alleges that, in or about September

2022, his wife purchased a fabric conditioner in Minnesota that was designed, manufactured,

marketed, and sold by The Laundress. *See* ECF No. 178 ("Am. Compl."), ¶¶ 15, 26-27, 41.

McGowan alleges that, after using the product, he developed sinus congestion and an upper

respiratory tract infection, with mucus samples testing positive for *pseudomonas aeruginosa*, and

later was diagnosed with chronic pansinusitis and sinus infections caused by the *pseudomonas*.

*Id.* ¶¶ 28-30. McGowan alleges that the fabric conditioner contained "harmful bacteria,

including, *inter alia*, *Klebsiella aerogenes*, *Burkholderia cepacia* complex, and *pseudomonas*,

placing the Plaintiff, his family, and similar consumers in danger of exposure." *Id.* ¶¶ 34-35. He

brings claims for strict liability, negligence, and breach of express warranty, *id.* ¶¶ 40-82, all of

which, the parties agree, are subject to Minnesota law, *see* ECF No. 202 ("Def.'s Mem."), at 3-4;

ECF No. 224 ("McGowan Opp'n"), at 7-8; *see also Alphonse Hotel Corp. v. Tran*, 828 F.3d 146,

152 (2d Cir. 2016) ("In a diversity case . . . , the choice-of-law rules of New York, the forum

state, govern" and "where the parties agree that a certain jurisdiction's law controls, this is sufficient to establish choice of law." (cleaned up)).  The Laundress now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss McGowan's claims of strict liability and negligence, "to the extent they are based on alleged design defect," as well as his express warranty claim.  ECF No. 233 ("Def.'s Reply"), at 1; *see also id.* at 2 n.2 ("The Laundress has not moved to dismiss Plaintiff's claims to the extent they are based on purported manufacturing defects.").

 The Laundress's motion is granted as unopposed with respect to McGowan's breach of express warranty claim.  *See* McGowan Opp'n 5 n.1 ("Based on the briefing, Plaintiff will concede his claim for Breach of Express Warranty.").  Its motion is otherwise denied.  The Laundress argues that McGowan's complaint (the "Complaint") fails to allege that the product was "unreasonably dangerous" in its design, as required under Minnesota law.  *See* Def.'s Mem. 5.  Notably, however, the Court rejected nearly identical arguments in another member case, albeit under Oregon law.  *See* Memorandum Opinion and Order, *Wyatt v. The Laundress, LLC*, No. 22-CV-10667 (JMF), ECF No. 223 (S.D.N.Y Mar. 4, 2025).  There, the Court found that the plaintiff had sufficiently specified how the product design was unreasonably dangerous by alleging various defects and deviations "that could have caused the contamination."  *Id.* at 2.  The same is true here, as the Complaint alleges that "[c]ontamination and adulteration of detergents, such as the Subject Fabric Conditioner, often occurs in one or more of the following ways," and goes on to list at least two design defects, including that "[t]he packaging for the detergents, including the Subject Fabric Conditioner, did not adequately protect the product from contamination and adulteration."  Am. Compl. ¶ 48; *see id.* ¶ 64.  Thus, even if Minnesota law requires plaintiffs to identify how a design is defective, as The Laundress contends, the

Complaint here checks that box and pushes McGowan's "claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In that regard, the case is distinguishable from those cited by The Laundress, in which the complaints failed to allege any particular defect. *See Forslund v. Stryker Corp.*, No. 9-CV-2134, at *2 (JRT) (JJK), 2010 WL 3905854 (D. Minn. Sept. 30, 2010) (finding conclusory an "allegation that the [product] is defective and unreasonably dangerous in its design because it is 'very likely' to cause serious harm"); *Perry v. Boston Sci. Fam.*, No. 16-CV-137 (PJS) (HB), 2016 WL 10637082, at *5 (D. Minn. Dec. 1, 2016) (finding insufficient an allegation against a defendant for "manufacturing and distributing [a] defective heart valve device and heart pacemaker").

In short, The Laundress's motion to dismiss is GRANTED as to McGowan's express warranty claim and otherwise DENIED. Unless and until the Court orders otherwise, The Laundress shall file its Answer to McGowan's remaining claims within three weeks of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

The Clerk of Court is directed to terminate ECF No. 201.

SO ORDERED.

Dated: June 6, 2025
New York, New York

JESSE M. FURMAN
United States District Judge