Squitieri & Fearon, LLP
205 Hudson Street, 7th Floor
New York, New York 10013
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com

Stephen J. Fearon, Jr.
stephen@sfclasslaw.com



October 13, 2025

**VIA CM/ECF**
Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *In Re Laundress Marketing and Product Liability Litigation*, No.: 1:22-cv-10667
*Re: Ostenfeld, et al. v. The Laundress, LLC*, No. 1:22-cv-10667
**Letter Motion to File Portions of Plaintiff's Motion for Class Certification Under Seal**

Dear Judge Furman:

This firm represents the *Ostenfeld* Plaintiffs Deborah Geschwind and Judy Stilwill. I write this letter on behalf of Plaintiff Deborah Geschwind ("Plaintiff") to seek leave to file portions of Plaintiff's Motion for Class Certification under seal.

**First,** Plaintiff seeks leave to file under seal a portion of the Memorandum of Law in Support of the Motion for Certification ("Memorandum"), and a portion of Plaintiff's Declaration in Support of the Motion for Class Certification disclosing non-public, sensitive health information about Plaintiff, information which is regularly sealed in this Circuit. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information. *Robinson v. De Niro*, No. 19-cv-9156-LJL-KHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022); *see also, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information"); *see also* Individual Rules at 7.A. (The parties may "without prior Court approval, redact from their public filings . . . medical records [including information regarding treatment and diagnosis.]"). *See* Memorandum at Page 8; Declaration of Deborah Geschwind in Support of Motion for Class Certification at ¶ 7.

**Second,** Plaintiff seeks leave to electronically file under seal the following documents and portions of documents referencing documents and depositions Defendant designated "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), specifically:

1. The Memorandum of Law at the following pages:
    - 1-6; 8; 10; 15; 17-19; 22-25.

2. The Declaration of Stephen J. Fearon Jr. in Support of Motion for Class Certification in its entirety ("Fearon Declaration") due to the volume of references to "Confidential" depositions and documents therein.

3. Portions of Exhibit A to the Fearon Declaration, which are excerpts of the deposition of Brendan Taylor, Defendant's Former CEO. Defendant marked the following portions of Mr. Taylor's deposition "Confidential:"
   - 77; 79; 81-82; 87-88.

4. Portions of Exhibit B to the Fearon Declaration, which are excerpts of the deposition of Christine Joedecke, Defendant's Former CFO. Defendant marked the following portions of the deposition "Confidential:"
   - 100-101; 131-132-133; 202; 217.

5. Portions of Exhibit C to the Fearon Declaration, which are excerpts of the deposition of Jill Ginsberg, Defendant's former Head of E-Commerce. Defendant designated the following portions of the transcript "Confidential:"
   - 21; 35-36; 40; 302; 304; 309; 313-314.

6. Portions of Exhibit D to the Fearon Declaration, which are excerpts of the deposition of Maddie McGinley, Defendant's former Director of Product. Defendant designated the following portions of the transcript "Confidential:"
   - 58; 70-73; 257-260.

7. Exhibit E to the Fearon Declaration in its entirety, which are excerpts of the deposition of Clemens Hermann, Defendant's CEO. Defendant designated the transcript "Confidential:"

8. Exhibit F to the Fearon Declaration in its entirety, which are excerpts of the deposition of Hannah Yokoii, Defendant's Head of Marketing. Defendant designated the entire transcript "Confidential:"

9. The following Exhibits to the Fearon Declaration, which Defendant marked "Confidential:"
   - H-P; R-BU

10. Paragraphs of the Declaration of Gareth J. Macartney, Ph.D., Plaintiff's damages expert that refer to depositions or documents Defendant marked "Confidential," specifically:
    - ¶¶ 27; 45-46; 48, as well as footnotes therein.

This list comprises documents and depositions Defendant designated "Confidential," or references to documents and depositions Defendant designated "Confidential," pursuant to the Confidentiality Order in this case. Because Defendant designated the documents and depositions "Confidential," Defendant should bear the burden of establishing good cause to seal the references. In accordance with this Court's Individual Rules and Practices in Civil Cases, Plaintiff's counsel will inform Defendant's counsel that they must file, within three business days, a letter explaining the need to seal or redact the documents.

For reference purposes, Plaintiff has included her entire Motion for Class Certification in the under-seal version electronically related to this Letter Motion, including the Notice of Motion; the Memorandum of Law in Support; the Fearon Declaration and all accompanying exhibits; Dr. MacCartney's Declaration; Plaintiff's Declaration; and the Proposed Order. Plaintiff has highlighted proposed redactions in <u>yellow</u>.

Plaintiff has also filed on ECF and electronically related to this Letter Motion a redacted version of Plaintiff's Motion for Class Certification.

Plaintiff's counsel thanks the Court for its attention to these sealing matters and is available at the Court's convenience to address additional questions.

Respectfully submitted,

<u>/s/ *Stephen J. Fearon, Jr.*</u>
Stephen J. Fearon, Jr.

The motion to seal is GRANTED temporarily. Consistent with Rule 7(C) of the Court's Individual Rules and Practices in Civil Cases, Defendant shall file a letter explaining the need to seal or redact the documents listed herein **no later than October 17, 2025.** The Court will then assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 331.

SO ORDERED.

October 16, 2025

3