UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                   :

IN RE LAUNDRESS MARKETING AND PRODUCT   :      22-CV-10667 (JMF)
LIABILITY LITIGATION                                            :
                                                                                   :      MEMORANDUM OPINION
*This Document Relates To:*                                   :           AND ORDER
*Spann v. The Laundress, LLC*, No. 25-CV-4003 (JMF)   :
                                                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this litigation, familiarity with which is presumed, various Plaintiffs bring lawsuits against The Laundress, LLC, following the December 2022 recall of some of its cleaning products due to potential contamination with, among other things, *klebsiella aerogenes*. This case is brought by Nabil Joseph Spann, a resident of Colorado, who alleges that he developed a cyst in late 2022 that, on May 15, 2023, tested positive for *klebsiella aerogenes*. *Spann v. The Laundress, LLC,* No. 25-CV-4003, ECF No. 1 ("Compl."), ¶¶ 6, 16, 30, 32.[1] He alleges that the cyst was caused by his family's use of The Laundress products covered by the recall, *see id.* ¶¶ 11-12, 35-39, and brings claims for strict liability, negligence, and breach of implied warranty, all of which, the parties agree, are subject to Colorado law, *see id.* ¶¶ 43-82; ECF No. 311 ("Def.'s Mem."), at 3-4; ECF No. 319 ("Spann Opp'n"), at 6-7. The Laundress now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Spann's strict liability and negligence claims on the ground that they are time barred. *See* Def.'s Mem. 4-6.

      The Laundress's motion can be and is swiftly rejected. Whether Spann's claims are timely turns on when both his "injury *and* its cause [we]re known or should have been known by the exercise of reasonable diligence." COLO. REV. STAT. § 13-80-108 (emphasis added); *see,*

---

[1]     Unless otherwise noted, all record citations are to the docket in 22-CV-10667 (JMF).

*e.g.*, *Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111, 113 (Colo. 1991) ("A claim for relief does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action." (internal quotation marks omitted)).  That date "is normally a question of fact which must be resolved by the trier of fact."  *Winkler v. Rocky Mountain Conf. of United Methodist Church*, 923 P.2d 152, 159 (Colo. App. 1995).  Just so here, as a factfinder could plausibly find based on the allegations in Spann's Complaint that — notwithstanding Spann's November 2022 injury and the December 2022 recall — a reasonable person would and should not have known that the injury was caused by The Laundress's products until May 15, 2023, when Spann's cyst tested positive for *klebsiella aerogenes*.  The Court certainly cannot say that it is clear on the face of Spann's Complaint that the claims at issue are untimely.  *See, e.g.*, *Doe v. Kimmel*, No. 24-CV-3201 (JMF), 2025 WL 343509, at *2 (S.D.N.Y. Jan. 30, 2025) ("[I]t is well established that a pre-answer motion to dismiss on timeliness grounds may be granted *only* if it is clear on the face of the complaint that the statute of limitations has run." (internal quotation marks omitted) (citing cases)).

In short, The Laundress's motion to dismiss must be and is DENIED.  Unless and until the Court orders otherwise, The Laundress shall file its Answer to Spann's claims within four weeks of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).

The Clerk of Court is directed to terminate ECF No. 310.

SO ORDERED.

Dated: December 11, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JESSE M. FURMAN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge