

NORTH AMERICA    SOUTH AMERICA    EUROPE

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 312-558-5600
+1 312-558-5700

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
rrothste@winston.com

January 20, 2026

**BY ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***In re Laundress Marketing and Product Liability Litigation – Letter Requesting the Sealing or Redaction of Certain Documents Attached to The (1) Declaration of Ronald Y. Rothstein in Support of Defendant The Laundress, LLC's Opposition to Plaintiff's Motion for Class Certification and (2) Omnibus Declaration of Ronald Y. Rothstein in Support of Defendant The Laundress, LLC's Motion to Exclude the Testimony and Opinions of Gareth Macartney and Motion to Strike the Declaration of Stephen J. Fearon, Jr. in Support of Plaintiff's Motion for Class Certification*** 22-cv-10667 (JMF)

Dear Judge Furman,

Pursuant to the Court's October 16, 2025 Order (ECF No. 340), Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (ECF No. 134), Defendant The Laundress, LLC ("The Laundress") respectfully requests the Court maintain under seal certain materials submitted by The Laundress referenced in relation to the above-referenced motions ("Motions"). These materials contain confidential, proprietary business information and sensitive personal data, the disclosure of which would cause competitive harm and infringe on privacy interests. This request is narrowly tailored and consistent with the Second Circuit's standards governing sealing. The parties conferred on January 7, 2026 regarding the materials to be sealed. Plaintiff does not oppose The Laundress's motion to seal. A list of all materials The Laundress has sealed in its entirety or redacted is attached hereto in Appendix A.

## I.     **Legal Standard**

Courts routinely permit sealing and redactions of information whose public disclosure could cause competitive harm to a party. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (assertion that competitive injury that may result from public disclosure is "a sufficient basis to grant defendants' motion to seal"). Sealing is appropriate where disclosure would reveal trade secrets, confidential research and development, pricing, marketing strategies, or sensitive personnel and customer information. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("[D]ocuments that

contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of brief referencing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (recognizing that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access). The Court's Individual Rules likewise contemplate redaction of medical information and proprietary/trade secret material without prior approval. *See* Individual Rule 7.A.

## II.    Categories of Information Sought to be Sealed or Redacted

**Product Development and Pricing Strategies:** The Laundress seeks to seal documents and testimony relating to (1) product formulations, testing, and research and development, (2) quality assurance procedures, measures, and controls, (3) microbiological testing, and (4) pricing strategies. Courts routinely find such information to constitute trade secrets or proprietary business information warranting sealing. *See, e.g.*, *In re Chantix Varenicline Mktg.*, 2025 WL 1565328, at *1 (S.D.N.Y. June 3, 2025); *Kewazinga Corp.*, 2021 WL 1222122, at *3; *Playtex Prods., LLC*, 2016 WL 1276450, at *12. Public disclosure would reveal sensitive development, formulation strategies, testing methodologies, and pricing models that competitors could exploit, causing competitive harm.

**Strategic Business Decisions:** The Motions and attached exhibits reference internal discussions and presentations reflecting strategic business and operational decisions and controls. They reveal confidential planning, performance assessments, and decision-making central to The Laundress's competitive positioning. Disclosure would expose strategic direction, organizational structure, and operational priorities to competitors. Courts consistently protect such materials. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Manufacturer and Supplier Information:** The Motions and attached exhibits also contain confidential information about manufacturers, suppliers, and related operations. Disclosure would reveal supply-chain strategies, vendor relationships, sourcing practices, and operational details, undermining market position and negotiations. Courts recognize a legitimate interest in maintaining confidentiality of supplier and manufacturer information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, No. 1:19-cv-3776-GHW, 2020 WL 8840678, at *1 (S.D.N.Y. June 10, 2020) (granting motion to seal exhibits containing the name of a manufacturer where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

**Sales Data:** The Laundress also seeks to seal information in its Motions and attached exhibits that reference or contain confidential sales data. Public access to such data could enable competitors to analyze The Laundress's market share, pricing effectiveness, and product performance, thereby undermining its strategic advantage. Courts have consistently recognized the need to protect this type of sensitive commercial information. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

WINSTON
& STRAWN
LLP

**Customer Communications:** The Motions and related exhibits reference or contain customer communications, including sensitive feedback, unsubstantiated complaints, inquiries, and internal responses that reveal customer-service protocols and issue-resolution strategies. Disclosure would risk harm by exposing customer engagement practices and targeting opportunities, including to The Laundress's competitors.

**Plaintiff's Confidentiality Designations:** On January 14, 2025, Plaintiff served confidentiality designations pertaining to the deposition transcript of Plaintiff Deborah Geschwind. On October 13, 2025, concurrently with her filing of her Motion for Class Certification, Plaintiff requested filing under seal portions of her declaration attached to her motion. *See* Dkt. No. 341. The Laundress has therefore filed redacted versions of those documents, after conferring with Plaintiff on January 7, 2026, maintaining the confidentiality designations asserted by Plaintiff. The Laundress also redacted in its filings any documents that referred to Plaintiff Judy Stilwill's protected health information. Plaintiff bears the burden of establishing the basis for maintaining those sealings.

**Deposition and Declaration Excerpts:** The Laundress also requests to keep under seal certain excerpts from the depositions current and former The Laundress employees and its experts. The Laundress narrowly tailored its request to include only the testimony that pertains to commercially sensitive, proprietary business information or sensitive employee information. Here, public disclosure would injure The Laundress's business and provide its rivals an unfair competitive advantage for the same reasons stated above.

### III.    Conclusion

The Laundress has limited its sealing and redaction requests to information that contains confidential business information, the disclosure of which would cause competitive harm. This includes trade secrets, internal strategies, and sensitive commercial data. The request is narrowly tailored and consistent with the Second Circuit's presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Where disclosure would risk revealing internal analyses, business strategies, or customer negotiations, courts have found a "valid need to protect" such information sufficient to rebut the presumption of access. *See SEC v. Telegram Grp.*, No. 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the confidentiality of the exhibits and excerpts identified herein is justified and necessary to prevent competitive injury.

Respectfully submitted,

/s/ *Ronald Y. Rothstein*
Ronald Y. Rothstein

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 372 in 22-CV-10667.

SO ORDERED.

3

January 21, 2026