Squitieri & Fearon, LLP
205 Hudson Street, 7th Floor
New York, New York 10013
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com

Stephen J. Fearon, Jr.
stephen@sfclasslaw.com



**SQUITIERI & FEARON** LLP

**VIA CM/ECF**
April 8, 2026

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *In Re Laundress Marketing and Product Liability Litigation*, No.: 1:22-cv-10667
*Re: Ostenfeld, et al. v. The Laundress, LLC*, No. 1:22-cv-10667
**Letter Motion to File Under Seal Portions of Plaintiff's Opposition to Motion to Exclude Gareth Macartney, Ph.D.**

Dear Judge Furman:

This firm represents the *Ostenfeld* Plaintiffs, Deborah Geschwind and Judy Stilwill. I write on behalf of Plaintiff Deborah Geschwind ("Plaintiff") to seek leave to file under seal portions of Plaintiff's Memorandum of Law in Opposition to the Motion to Exclude the Testimony and Opinions of Gareth Macartney, Ph.D. ("Memorandum of Law").[1]

**First,** Plaintiff seeks leave to file under seal one portion of Exhibit BY attached to the Reply Declaration of Stephen J. Fearon, Jr. in Opposition to the Motion to Exclude Gareth Macartney, Ph.D. ("Fearon Declaration"), which are excerpts of the January 14, 2025 deposition of Plaintiff Deborah Geschwind. The portion of the deposition that Plaintiff seeks to seal is located at 33:19-24 and discloses non-public, sensitive health information about Plaintiff Geschwind and her mother. The Court previously sealed this information twice, once in connection with Ms. Geschwind's opposition to a Letter Motion to Compel, then again in connection with Ms. Geschwind's Motion for Class Certification.

Plaintiff also seeks leave to file under seal portions of Exhibit CA attached to the Fearon Declaration, which is the Rebuttal Report of Dr. Marcus Pereira ("Pereira Report"), The *Ostenfeld* Plaintiffs' rebuttal medical expert in this case. The portions of the Pereira Report are located in Paragraphs 24, 27, 48, 49-58, 62, and 65 and disclose non-public, sensitive health information about Plaintiff Stilwill's medical history, and references to medical treatment.

Non-public, sensitive health information is regularly sealed in this Circuit. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information. *Robinson v. De Niro*, No. 19-cv-9156-LJL-KHP, 2022 WL 2712827, at \*2

---

[1]    Per the Court's Order (ECF No. 386), Ms. Geschwind consolidated her opposition to Defendant's Motion to Strike the Declaration with her reply to Defendant's opposition to the Motion for Class Certification

(S.D.N.Y. July 13, 2022); *see also, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information"); *see also* Individual Rules at 7.A. (The parties may "without prior Court approval, redact from their public filings . . . medical records [including information regarding treatment and diagnosis.]").

**Second,** Plaintiff seeks leave to electronically file under seal the following documents and portions of documents referencing documents and depositions Defendant designated "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), specifically:

1. The Memorandum of Law at the following pages:
   - 5; 10-11; 13; 14; 16 and 21.

2. Exhibit UU to the Fearon Declaration, which is a copy of an email dated October 7, 2022 which Defendant produced during discovery Bates-stamped as TL-000066251-53. Defendant marked the entire document "Confidential.[2]

3. Exhibit BX[3] to the Fearon Declaration, which is a copy of communications between Defendant and the Consumer Protection Safety Commission dated November 25, 2022, which Defendant produced during discovery Bates-stamped as TL-000000461-000000477. Defendant marked the entire document "Confidential."

4. Exhibit BZ to the Fearon Declaration, which is the Reply Declaration of Gareth J. Macartney, Ph.D., Plaintiff's damages expert. The following portions of the document refer to depositions or documents Defendant marked "Confidential," specifically:
   - ¶¶ 6-8; 16-17; and 29 as well as related footnotes and Figure 2 and Figure 3.

5. Exhibit CA to the Fearon Declaration, which is the Pereira Report. The following portions of the document refer to depositions or documents Defendant marked "Confidential," specifically:
   - ¶¶ 25; 36-38; 40-43; 59.v.; 64; and 66.

This list comprises documents and depositions Defendant designated "Confidential," or references to documents and depositions Defendant designated "Confidential," pursuant to the Confidentiality Order in this case. Because Defendant designated the documents and depositions "Confidential," Defendant should bear the burden of establishing good cause to seal the references.

---

[2]     This exhibit was cited in Plaintiff's Memorandum of Law in Support of Class Certification but was omitted in error from my prior declaration. Defendant designated this exhibit "Confidential."

[3]     For ease of reference, Plaintiff Geschwind continues the exhibit sequence from the prior Declaration of Stephen J. Fearon, Jr. in Support of Motion for Class Certification, which ended at BW, Squitieri & Fearon, LLP's Firm Resume.

In accordance with this Court's Individual Rules and Practices in Civil Cases, Plaintiff's counsel will inform Defendant's counsel that they must file, within three business days, a letter explaining the need to seal or redact the documents.

For reference purposes, Plaintiff has included the entire Memorandum of Law and related attachments in the under-seal version electronically related to this Letter Motion. Plaintiff has highlighted proposed redactions in yellow.

Plaintiff has also filed on ECF and electronically related to this Letter Motion a redacted version of Plaintiff's Motion for Class Certification.

Plaintiff's counsel thanks the Court for its attention to these sealing matters and is available at the Court's convenience to address additional questions.

Respectfully submitted,

/s/ *Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 433.

SO ORDERED.

April 10, 2026

3