# WINSTON & STRAWN
### LLP

NORTH AMERICA    SOUTH AMERICA    EUROPE

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 312-558-5600
+1 312-558-5700

**RONALD Y. ROTHSTEIN**
Partner
+1 312-558-7464
rrothste@winston.com

April 10, 2026

**VIA ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re**:    ***In re Laundress Marketing and Product Liability Litigation* (No. 1:22-cv-10667)
– Letter Motion for (1) Amended Briefing Schedule Related to the Laundress's Motion
to Strike Fearon's Declaration and Motion to Exclude the Testimony and Opinions of
Macartney, and (2) request for sur-reply to Plaintiff's Motion for Class Certification**

Dear Judge Furman,

Defendant, The Laundress LLC, writes to respectfully request that the Court extend the deadline for Defendant's reply to Plaintiff Geschwind's Opposition to Defendant's Motion to Strike the Declaration of Stephen J. Fearon, Jr. ("Reply to Motion to Strike") and reply to Plaintiff Geschwind's Opposition to Defendant's Motion to Exclude the Testimony and Opinions of Gareth Macartney, Ph.D. ("Reply to Motion to Exclude Macartney") (together, the "Replies").

On April 8, 2026, Plaintiff Geschwind filed her Reply in Support of Motion for Class Certification (*see* ECF No. 430), Opposition to Defendant's Motion to Strike the Fearon Declaration (*see id*. at pp. 21-25), Opposition to Defendant's Motion to Exclude Macartney (ECF No. 434), and a "rebuttal" report from a never-before disclosed expert (ECF No. 431-5 (the "Pereira Declaration")). The pretext of the Pereira Declaration is responding to Defendant's timely-disclosed medical experts but it is an obvious attempt to overcome the utter lack of affirmative causation evidence offered by Plaintiff Stilwill. The untimely Pereira Declaration violates this Court's Scheduling Order, the Federal Rules of Civil Procedure, and, moreover, cannot cure Stilwill's failure to offer any affirmative causation evidence, as she must prove her alleged personal-injury-based claims.

***Defendant respectfully requests additional time to file its Replies***.[1] The current seven-day deadline for the Reply to Motion to Strike and 14-day deadline for the Reply to Motion to Exclude Macartney do not afford Defendant sufficient time to adequately research and present the arguments

---

[1]    The Court has amended the schedule for related briefing in the past. *See* ECF 186 (Amended Case Management Plan and Scheduling Order), 316 (Second Amended Case Management Plan and Scheduling Order), 366 (Court Order of Parties' Joint Statement Regarding Briefing Schedule), and 412 (Court Order of Plaintiff's Letter Motion for Extension of Time). But, critically, beyond the Court's ordering of the Parties' mutually agreed-upon *Daubert* briefing schedule in ECF 366, this is the first time that Defendant is requesting an extension for the Replies. In fact, the most recent amendment of the relevant schedule, *see* ECF 412, narrowed the 21 days that Defendant had to file its Reply for Motion to Exclude Macartney Testimony ***by an entire week—to 14 days***.

necessary for a thorough reply. Geschwind was afforded over two and a half months to oppose Defendant's motions. Defendant's counsel has made diligent efforts to comply with the existing schedule; however, the issues raised in Geschwind's briefs require additional time to ensure that Defendant's Replies properly address the arguments set forth therein. Moreover, Defendant was denied a timely start on its Replies, due to Geschwind's eleventh-hour technical difficulties (*see* ECF 439 for Geschwind's counsel's letter to the court explaining their delay). Indeed, Defendant did not receive many of Geschwind's filings and exhibits until late into the day after Geschwind's April 8, 2026, deadline.

The Court is permitted to extend deadlines for "good cause," which is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Manigault v. ABC Inc.*, No. 18-3133, 2019 WL 6340254, at *15 (2d Cir. Nov. 27, 2019) (internal citation omitted). A finding of good cause requires the moving party to show that the deadline cannot be reasonably met despite the party's diligence. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Courts have found good cause to exist when a need for extension arises from reasonably unforeseeable events. *See Kassim v. City of Schenectady*, 221 F.R.D. 363, 366 (N.D.N.Y. 2003). Defendant respectfully submits that it has demonstrated diligence in complying with the deadline, but due to the complexity of the issues raised in Plaintiff Geschwind's briefs that Plaintiff had almost three months to draft, Defendant is in need of an extension. Finally, Defendant submits that the modest extension it seeks will not prejudice Geschwind or unduly delay this proceeding.

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Defendant's Reply in Support of Motion to Strike Fearon Declaration | April 15, 2026 | May 13, 2026 |
| Defendant's Reply in Support of Motion to Exclude Macartney | April 22, 2026 | May 13, 2026 |

Prior to filing this letter, Defendant's counsel conferred with Plaintiff Geschwind's counsel about this requested extension. Plaintiff's counsel opposed the request without providing a reason or offer of compromise.[2]

***The Laundress should be given leave to file a sur-reply to Plaintiff's Motion for Class Certification.*** Sur-replies are permitted when an opposing party raises arguments for the first time in a reply. *See Antolini v. Thurman,* No. 19CV9674JMFKNF, 2021 WL 3115169, at *3 n.3 (S.D.N.Y. July 21, 2021) (Furman, J.), *aff'd*, No. 21-2028-CV, 2023 WL 1113535 (2d Cir. Jan. 31, 2023) (granting plaintiff leave to file a sur-reply, but "only to the extent that it responds to arguments made for the first time in Defendants' reply papers"); *Stepski v. M/V Norasia Alya*, No. 7:06-CV-01694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (granting Defendants' motion for leave to file a sur-reply "[b]ecause the Defendants' sur-reply addresses arguments the Plaintiffs raise for the first

---

[2] Plaintiff's counsel's response to Defendant's request on April 9, 2026, stated, "We would oppose that request."



time in their reply brief"). This is precisely the case here. Geschwind's Reply in Support of Motion for Class Certification makes a significant pivot, ostensibly abandoning her "risk" of contamination theory and instead asserting—without foundation—that *all* recalled The Laundress Products were contaminated. This demonstrably false assertion relies on only the existence of Defendant's recall and a company email, the meaning of which Plaintiff's counsel knowingly misrepresents. Critically, Geschwind offers no response to the Declaration and Expert Report of Patrick Schlievert, Ph.D. establishing that the vast majority of Product samples tested negative for bacterial contamination. Geschwind's never-before posited universal-contamination argument comes out of whole cloth and Defendant should be given the opportunity to respond through a sur-reply. *See Antolini*, 2021 WL 3115169 at *3 n.3.

***Plaintiff Stilwill's untimely "rebuttal expert" report***. In violation of this Court's Scheduling Order, on the same day Plaintiff Geschwind filed her papers relating to class certification, Plaintiff Stilwill filed the Pereira Declaration. While it is unclear why Plaintiff Stilwill made this filing alongside Plaintiff Geschwind's class certification filings (which Stilwill did not join), the deadline for Stilwill to serve her expert reports supporting her case was October 13, 2025. *See* ECF 316. She ignored this deadline. To be sure, Stilwill filed ***no expert disclosure or report*** by the Court's deadline and, to this day, has never disclosed any affirmative expert witnesses. The law in the applicable state, Nebraska, requires that a plaintiff in a product liability case, like Stilwill here, must put forward a causation expert. *See Sullivan v. Zimmer, Inc.*, No. 806CV319, 2007 WL 1342559, at *2 (D. Neb. May 7, 2007) ("Under Nebraska law, expert evidence is necessary to establish the elements of product defect and causation in a products liability case."); *see also Susman v. Goodyear Tire & Rubber Co.*, No. 8:18CV127, 2019 WL 5087279, at *6 (D. Neb. Oct. 10, 2019) ("Expert testimony is also necessary to show causation in a products liability case."). Yet Plaintiff Stilwill never disclosed any causation expert, filed a causation report, or even gave any indication that she intended to do so.[3]

Not only does Stilwill's ill-timed rebuttal expert flout this Court's Scheduling Order, but it also ignores the Federal Rules of Civil Procedure. On January 20, 2026, in compliance with the Scheduling Order, Defendant disclosed its experts and served, among others, expert declarations from Drs. Patrick Schlievert and Aristides Assimacopoulos. If Stilwill were permitted to file a rebuttal report (which, again, the Court's Scheduling Order does not contemplate), her rebuttal expert disclosures would have been due on February 19, 2026. *See* Fed. R. Civ. P. 26 (a)(2)(D)(ii) (requiring rebuttal expert disclosure "within 30 days after the other party's disclosure"). Without any notice to Defendant or leave from this Court, Stilwill's purported rebuttal report came on April 8, 2026: 48 days late. Failure to abide by the deadline for the disclosure of rebuttal expert testimony results in exclusion of the testimony unless the failure is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Moreover, Stilwill's Rule 26 disclosures make no mention of any expert witnesses she proposes in support of her liability case.

It is obvious that Stilwill's purported rebuttal report is nothing but an end-around of the Court's Scheduling Order and a last-minute attempt to shoehorn in an expert that Plaintiff's counsel shirked their responsibility to put forward in the first instance. "A plaintiff cannot subvert [the sequence of expert disclosures] by serving a deficient or bare-bones opening report, or failing to serve

---

[3]    In addition, the Court's scheduling orders did not contemplate rebuttal reports. And even if a rebuttal report was contemplated, it would have been due thirty days after Defendant's disclosure, which is long past. *See* FRCP 26(a)(2)(D)(ii).

an opening report, and then serving a full and complete report merely by claiming that the second, complete report is a reply or a supplementation pursuant to Fed.R.Civ.P. 26(e)." *Camarata v. Experian Info. Sols., Inc.*, No. 16CIV132ATHBP, 2018 WL 1738335, at *2 (S.D.N.Y. Mar. 5, 2018) (barring plaintiff from providing an affirmative expert witness under the guise of a rebuttal expert, permitting only an expert that does not "offer different or new opinions that should have been disclosed in an opening expert report . . . [and that does not] opine as to matters that are not addressed by defendant's experts").

Furthermore, despite introducing the Pereira Declaration at the same time as Plaintiff Geschwind filed her reply brief in support of class certification, Geschwind's counsel introduces a report that only includes information pertaining to Plaintiff Stilwill—who is not seeking class certification in this matter—and no information pertaining to Plaintiff Geschwind. Even more bewilderingly, Geschwind's counsel introduces the Pereira Declaration in his declarations only to fail to cite it in either of his briefs filed in connection with those declarations. It is unclear why the Pereira Declaration was filed. Defendant is now obligated to file a motion to exclude the Pereira Declaration as untimely and improperly introduced.

***

Defendant thanks the Court for its attention to these matters and is available at the Court's convenience if it has further questions or requires additional information.[4]

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Ronald Y. Rothstein*
Ronald Y. Rothstein

*Counsel for Defendant*

cc: All counsel via ECF

Defendants are granted leave to file a sur-reply no later than April 20, 2026. That said, the Court will consider the sur-reply only the extent that it responds to new arguments raised in the reply.

Defendants are granted leave to file a formal motion to exclude the Pereira Declaration in accordance with the Local Civil Rules. Any such motion shall be filed by April 27, 2026; any opposition shall be filed by May 11, 2026; and any reply shall be filed by May 18, 2026. If either side believes these deadlines should be modified (either in light of the parties' settlement efforts in the Stilwill case, other deadlines in this litigation, or otherwise), the parties should confer and file a letter motion seeking relief.

The Court reserves judgment on Defendants' motion to extend their reply deadlines, which are stayed for now. Plaintiffs shall file any opposition to that portion of this letter motion by April 15, 2026.

SO ORDERED.

April 13, 2026

---

4    As required by the Court, Defendant is noting that the Parties' next deadline is for their Summary Judgment motions: due July 17, 2026. *See* ECF 412. The Parties currently have no scheduled appearances before the Court.