

NORTH AMERICA   SOUTH AMERICA   EUROPE

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 312-558-5600
+1 312-558-5700

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
rrothste@winston.com

April 13, 2026

**BY ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *In re Laundress Marketing and Product Liability Litigation – Letter Requesting the Sealing or Redaction of Certain Documents in (1) Plaintiff's Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendant's Motion to Strike the Declaration of Stephen J. Fearon, Jr., and (2) Opposition to Defendant's Motion to Exclude the Testimony and Opinions of Gareth Macartney, Ph.D.*

Dear Judge Furman,

Pursuant to the Court's April 10, 2026 Orders (ECF Nos. 440 and 441), Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (ECF No. 134), Defendant The Laundress, LLC ("The Laundress") respectfully requests the Court maintain under seal certain materials submitted by Plaintiff on April 8, 2026 in support of her (1) Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendant's Motion to Strike the Declaration of Stephen J. Fearon, Jr. ("Consolidated Reply") and (2) Opposition to Defendant's Motion to Exclude the Testimony and Opinions of Gareth Macartney, Ph.D. ("Opposition to Motion to Exclude") (together, "Plaintiff's April 8 Filings").[1] These materials contain confidential, proprietary business information and sensitive personal data, the disclosure of which would cause competitive harm and infringe on privacy interests. This request is narrowly tailored and consistent with the Second Circuit's standards governing sealing.

## I.   Legal Standard

Courts routinely permit sealing and redactions of information whose public disclosure could cause competitive harm to a party. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (assertion that competitive injury may result from public disclosure is "a sufficient basis to grant defendants' motion to seal"). Sealing is appropriate where disclosure

---

[1] All exhibits referenced herein refer to the exhibits attached to the Declaration of Stephen J. Fearon, Jr. in Support of Motion for Class Certification (ECF No. 431) and the Declaration of Stephen J. Fearon, Jr. in Opposition to Defendant's Motion to Exclude Gareth Macartney, Ph.D. (ECF No.435) (together, "Fearon Declarations").

WINSTON
& STRAWN
LLP

would reveal trade secrets, confidential research and development, pricing, marketing strategies, or sensitive personnel and customer information. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of brief referencing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (recognizing that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access). The Court's Individual Rules likewise contemplate redaction of medical information and proprietary/trade secret material without prior approval. *See* Individual Rule 7.A.

## II.  Categories of Information Sought to be Sealed or Redacted

### A.  Plaintiff's Redactions

In Plaintiff's April 8th Filings, Plaintiff sought leave from the Court to file under seal portions of the Filings (ECF Nos. 429 and 433). For the reasons put forth below, Defendant agrees with Plaintiff's proposed redactions, which are also laid out in Appendix A.

**Product Development and Pricing Strategies:** The Laundress seeks to seal Exhibits UU and BX and redact the Consolidated Reply, Opposition to Motion to Exclude, and Exhibits BZ and CA as they relate to (1) product formulations, testing, and research and development, (2) quality assurance procedures, measures, and controls, (3) microbiological testing, and/or (4) pricing strategies. Courts routinely find such information to constitute trade secrets or proprietary business information warranting sealing. *See, e.g.*, *In re Chantix Varenicline Mktg.*, 2025 WL 1565328, at *1 (S.D.N.Y. June 3, 2025); *Kewazinga Corp.*, 2021 WL 1222122, at *3; *Playtex Prods., LLC*, 2016 WL 1276450, at *12. Public disclosure would reveal sensitive development, formulation strategies, testing methodologies, and pricing models that competitors could exploit, causing competitive harm.

**Strategic Business Decisions:** The Consolidated Reply, Opposition to Motion to Exclude, and Exhibits UU, BX, BZ, and CA comprise internal discussions and presentations reflecting strategic business and operational decisions and controls. They reveal confidential planning, performance assessments, and decision-making central to The Laundress's competitive positioning. Disclosure would expose strategic direction, organizational structure, and operational priorities to competitors. Courts consistently protect such materials. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Manufacturer and Supplier Information:** The Consolidated Reply, Opposition to Motion to Exclude, and Exhibits UU, BX, BZ, and CA contain confidential information about manufacturers, suppliers, and related operations. Disclosure would reveal supply-chain strategies, vendor relationships, sourcing practices, and operational details, undermining market position and negotiations. Courts recognize a legitimate interest in maintaining confidentiality of supplier and

**WINSTON & STRAWN** LLP

manufacturer information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, No. 1:19-cv-3776-GHW, 2020 WL 8840678, at *1 (S.D.N.Y. June 10, 2020) (granting motion to seal exhibits containing the name of a manufacturer where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

**Sales Data:** The Laundress also seeks to redact the Consolidated Reply, Opposition to Motion to Exclude, and Exhibit BZ, which contain confidential sales data. Public access to such data could enable competitors to analyze The Laundress's market share, pricing effectiveness, and product performance, thereby undermining its strategic advantage. Courts have consistently recognized the need to protect this type of sensitive commercial information. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

### B. <u>Defendant's Additional Proposed Redactions</u>

As noted above, the Laundress agrees with Plaintiff's redactions for Plaintiff's April 8th Filings. However, the Laundress respectfully requests additional redactions in the Consolidated Reply (ECF No. 430), Exhibit BZ (ECF Nos. 431-4 and 435-4), and Exhibit CA (ECF No. 431-5 and 435-5), as identified in Appendix B and explained below.

**Consolidated Reply:** The Laundress requests additional material in the Consolidated Reply to be redacted as they contain proprietary business information regarding strategic, internal decision-making processes used by the Laundress, product development and testing, microbiological testing, and manufacturer and supplier information, the disclosure of which could cause competitive harm. Material from the Consolidated Reply should also be redacted as they contain references to customer communications, the disclosure of which would risk harm by exposing customer engagement practices and targeting opportunities, including to The Laundress's competitors.

**Exhibit BZ:** The Laundress requests additional material in Exhibit BZ to be redacted as they contain proprietary business information regarding strategic, internal decision-making processes used by The Laundress and pricing strategies, disclosure of which could cause competitive harm.

**Exhibit CA:** The Laundress requests additional material in Exhibit CA to be redacted as they contain proprietary business information regarding strategic, internal decision-making processes used by The Laundress, product development and testing, and microbiological testing, disclosure of which could cause competitive harm.

For reference purposes, The Laundress has appended the three documents to this Letter Motion with highlighted proposed redactions in green *in addition* to Plaintiff's proposed redactions in yellow.

### III. <u>Conclusion</u>

The Laundress has limited its sealing and redaction requests to information that contains confidential business information, the disclosure of which would cause competitive harm. This

includes trade secrets, internal strategies, and sensitive commercial data. The request is narrowly tailored and consistent with the Second Circuit's presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Where disclosure would risk revealing internal analyses, business strategies, or customer negotiations, courts have found a "valid need to protect" such information sufficient to rebut the presumption of access. *See SEC v. Telegram Grp.*, No. 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the confidentiality of the exhibits and excerpts identified herein is justified and necessary to prevent competitive injury.

Respectfully submitted,

/s/ Ronald Y. Rothstein
Ronald Y. Rothstein

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.  The Clerk of Court is directed to restrict ECF Nos. 430, 431-4, 435-4, 431-5, and 435-5 to Court-view only and to terminate ECF No. 446.

SO ORDERED.

April 14, 2026