**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In Re Laundress Marketing and Product Liability Litigation* | Master Docket No.: 1:22-cv-10667-JMF |
| This Document Relates to: | *Ostenfeld, et al. v. Laundress, LLC*, No.: 1:22-cv-10667-JMF |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE THE DECLARATION AND REPLY
EXPERT REPORT OF MARCUS PEREIRA, MD.**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .......................................................................................................1

BACKGROUND ...........................................................................................................................2

LEGAL STANDARD.....................................................................................................................4

ARGUMENT.................................................................................................................................6

    A.  The Pereira Report Is a Proper Rebuttal Report ...................................................6

    B.  Plaintiffs Acted Diligently and Submitted the Pereira Report to Directly Rebut Defendant's Medical and Infectious Disease Experts (First *Softel* Factor) ..........................8

    C.  The Pereira Report Includes Important Rebuttal Evidence (*Softel* Factor Two).................9

    D.  Any Prejudice to Defendant Can Be Mitigated Through a Deposition of Dr. Pereira and Sur-rebuttal Reports (S*oftel* Factors 3 and 4) ...................................10

CONCLUSION.............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
  477 F. Supp. 3d 88 (S.D.N.Y. 2020)........................................................................................ 6

*Cap. One Hotel Grp. LLC v. Mt. Hawley Ins. Co.*,
  No. 24-CV-00485 (ER), 2026 WL 810301 ........................................................................ 5, 9

*Clark v. Vill. of Hemingford*,
  147 Neb. 1044 (1947) ............................................................................................................ 6

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006)................................................................................................... 6

*Hart v. BHH, LLC*,
  No. 15CV4804, 2018 WL 3471813 (S.D.N.Y. July 19, 2018).............................................. 7

*HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*,
  No. 23-CV-6351 (LJL), 2024 WL 4987043 (S.D.N.Y. Dec. 5, 2024) .................................. 11

*JT Cleary, Inc. v. Narragansett Elec. Co.*,
  No. 22-CV-4533 (JLR) (VF), 2024 WL 4627641 .................................................................. 5

*Meiselman v. Crown Heights Hosp.*,
  34 N.E.2d 367 (N.Y. 1941)..................................................................................................... 6

*Ostenfeld v. Laundress, LLC*,
  No. 22-CV-10667 (JMF), 2024 WL 967124 (S.D.N.Y. Mar. 5, 2024)................................... 1

*Outley v. City of New York*,
  837 F.2d 587 (2d Cir. 1988).................................................................................................... 5

*Park West Radiology v. CareCore Nat. LLC*,
  675 F.Supp.2d 314 (S.D.N.Y.2009)........................................................................................ 11

*Rekor Sys., Inc. v. Loughlin*,
  No. 19-CV-7767 (LJL), 2022 WL 2063857 (S.D.N.Y. June 8, 2022) .................................... 11

*Rmed Int'l, Inc. v. Sloan's Supermarkets, Inc.*,
  No. 94CIV.5587(PKL)(RLE), 2002 WL 31780188 (S.D.N.Y. Dec. 11, 2002) ........................... 5

*S.E.C. v. Badian*,
  No. 06 CIV. 2621 LTS/DFE, 2009 WL 5178537 (S.D.N.Y. Dec. 23, 2009).............................. 4

*Scott v. Chipotle Mexican Grill, Inc.*,
  315 F.R.D. 33 (S.D.N.Y. 2016) ........................................................................................ 7

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
  118 F.3d 955 (2d Cir. 1997)............................................................................................ 1

Plaintiffs Deborah Geschwind and Judy Stilwill ("Plaintiffs") respectfully submit this memorandum of law opposing Defendant The Laundress, LLC's ("Defendant") Motion to Strike the Declaration and Reply Expert Report of Marcus Pereira, M.D.

## PRELIMINARY STATEMENT

Defendant's motion to strike Dr. Marcus Pereira's declaration and rebuttal report seeks the extreme relief of preclusion even though the timing of Dr. Pereira's disclosure is governed by the default rule set forth in Rule 26(a)(2)(D)(ii) and reflects, at most, a brief and justified delay. The Scheduling Order did not set a deadline for rebuttal reports, and Plaintiffs served Dr. Pereira's rebuttal report shortly after reviewing Defendant's expert reports and completing depositions of Defendant's experts, including medical and infectious disease experts Dr. Assimacopoulos and Dr. Schlievert. That process was necessary to formulate a complete and accurate rebuttal.

Plaintiff Geschwind offers Dr. Pereira's declaration to support her pending Motion for Class Certification, where his opinions directly respond to Defendant's contention that the bacteria identified in the recalled Laundress products do not present a common, class-wide danger. Plaintiff Stilwill, by contrast, offers Dr. Pereira's declaration to rebut Defendant's causation arguments on her individual claims, including Defendant's experts' opinion that Ms. Stilwill's *Pseudomonas aeruginosa* infection arose from environmental exposure rather than from exposure to bacteria in The Laundress products. In both contexts, Dr. Pereira's opinions are not new theories or improper supplementation; they are focused responses to positions Defendant chose to advance through its own proposed medical and microbiological experts.

The relevant factors set forth by the Second Circuit in *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997) weigh in Plaintiffs' favor and the denial of Defendant's motion to strike.  Dr. Pereira's opinions were necessarily informed by the depositions of Defendant's experts, and Plaintiffs served Dr. Pereira's report shortly after those depositions,

reflecting a deliberate effort to provide a meaningful rebuttal, rather than gamesmanship. Dr. Pereira's opinions are important and speak to core issues in this case, including whether the bacteria in Defendant's products are dangerous (a central, class-wide question) and whether those bacteria caused Ms. Stilwill's injuries (a dispositive merits issue). Finally, any prejudice to Defendant can be cured by permitting Defendant to depose Dr. Pereira and, if necessary, to serve a sur-rebuttal expert report, a far less harsh approach routinely taken by Second Circuit courts.

The Court should deny Defendant's Motion to Strike.

## **BACKGROUND**

This case arises from the sale and subsequent recall of The Laundress household and laundry products impacted by contamination with life-threatening and dangerous bacteria, including multiple different species of *Pseudomonas*. There are two remaining plaintiffs in this *Ostenfeld* matter: Plaintiff Deborah Geschwind and Plaintiff Judy Stilwill.

On July 14, 2025, the Court entered a Second Amended Civil Case Management Plan and Scheduling Order including deadlines for filing a motion for class certification, serving expert reports, and completing expert depositions. The Second Amended Scheduling Order did not include any dates for rebuttal expert reports.

On October 14, 2025, Ms. Geschwind moved to certify a class of all United States consumers who purchased recalled The Laundress Products on or after January 1, 2021. *See* ECF Nos. 332-37. Ms. Geschwind sought to certify economic damage claims as opposed to personal injury claims.

Ms. Stilwill has not moved for class certification and is not seeking to be a representative of the proposed class. Instead, Ms. Stilwill is pursuing various product liability claims arising from an antibiotic-resistant *Pseudomonas aeruginosa* sinus infection she suffered after using The

Laundress products. *See* Amended Complaint, ¶¶ 101-03 (ECF No. 16). The cause of Plaintiff Stilwill's injuries—*i.e.*, via exposure to bacteria in The Laundress Products versus bacteria from other environmental exposures—will be an important issue in the parties' forthcoming summary judgment motions (currently due on September 25, 2026) and during trial. *See* ECF Nos. 402, 425.

On October 14, 2025, in support of the class certification motion, Ms. Geschwind served the Declaration of Gareth J. Macartney, Ph.D., which contained expert opinions regarding the availability of the class-wide damages models consistent with Ms. Geschwind's class-wide liability theories. *See* ECF No. 335. Plaintiffs did not serve a report from a medical or infectious disease expert because Defendant had not raised an issue about the types of bacteria in The Laundress products or challenged Ms. Stilwill's *Pseudomonas aeruginosa* infection diagnosis.

On January 20, 2025, Defendant served five experts reports, including reports from Dr. Assimacopoulos (a medical doctor) and Dr. Schlievert (who holds a Ph.D. in Microbiology and Immunology). Although Plaintiffs had not served expert reports addressing the issues, the Assimacopoulos and Schlievert reports for the first time included opinions that the various bacteria found in The Laundress Products were not dangerous and that Ms. Stilwill's injuries were caused by environmental exposure to *Pseudomonas aeruginosa* rather than exposure to *Pseudomonas aeruginosa* in The Laundress products.

On March 3 and March 12, 2026, Plaintiffs deposed Dr. Assimacopoulos and Dr. Schlievert, respectively. On March 19 and March 26, 2026, Plaintiffs then deposed two of Defendant's other experts, Ran Kivetz, Ph.D. and Mr. Sushrut Jain, respectively.

Shortly thereafter, on April 9, 2026, Plaintiffs served Defendant with the rebuttal Pereira Report. Plaintiffs retained Dr. Pereira to review and respond to the Assimacopoulos and Schlievert

Reports, including offering opinions responding to the reports from Dr. Assimacopoulos and Dr. Schlievert about:

a. *Pseudomonas* and the other bacteria at issue in this litigation, including distinguishing what Defendant's experts said about the characteristics of the bacteria, the routes of exposure and transmission of the bacteria, how the bacteria can injure someone, and treating infections and injuries caused by those bacteria;

b. Ms. Stilwill's injuries and whether, in Dr. Pereira's opinion, The Laundress products caused those injuries, as opposed to the opinions offered by Defendant's medical and infectious disease experts; and

c. The likelihood that the bacteria, after being treated, may reappear, as opposed to the opinions offered by Defendant's medical experts about the likelihood of the bacteria reappearing in the future

*See* Pereira Report at 4-5 (ECF No. 437-6). Dr. Pereira provides a targeted rebuttal to the various opinions offered by Dr. Assimacopoulos and Dr. Schlievert, including their opinions about the backgrounds and dangers of the various bacteria at issue and the cause of Ms. Stilwill's injuries.

## LEGAL STANDARD

Rule 26(a)(2) governs expert disclosures. *See* Fed. R. Civ. P. 26(a)(2). Absent a stipulation or court order setting forth the times and sequence of expert disclosures, Rule 26 permits a party to disclose an expert who is offering evidence "solely to contradict or rebut evidence on the same subject matter identified by another party . . . within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). When there is an order addressing the sequence of expert disclosures but silent on the service of rebuttal expert reports, courts routinely conclude that the default timing included in Rule 26(a)(2)(D)(ii) applies. *S.E.C. v. Badian*, No. 06 CIV. 2621 LTS/DFE, 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009) (finding Rule 26(a)(2) time limits controlled where scheduling order did not address the service of rebuttal expert reports) (collecting cases).

4

Rule 37(c)(1) provides that a party who fails to disclose information required by Rule 26 may be precluded from using that evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether preclusion is appropriate, courts must consider the "*Softel* factors," including: "(1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (citing *Softel, Inc.*, 118 F.3d at 961).

Preclusion of evidence is a "harsh remedy," and it "should be imposed only in rare situations." *JT Cleary, Inc.*, 2024 WL 4627641, at *4 (citation omitted); *Cedar Petrochemicals, Inc.*, 769 F. Supp. 2d at 278. "Precluding testimony of an expert, even when there has not been strict compliance with Rule 26, 'may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Rmed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94CIV.5587(PKL)(RLE), 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002). As a result, "[b]efore the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *JT Cleary, Inc. v. Narragansett Elec. Co.*, No. 22-CV-4533 (JLR) (VF), 2024 WL 4627641, at *4 (citing *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)).

Ultimately, courts have "wide discretion" when determining whether to preclude evidence. *Cap. One Hotel Grp. LLC v. Mt. Hawley Ins. Co.*, No. 24-CV-00485 (ER), 2026 WL

5

810301, at *7 (S.D.N.Y. Mar. 24, 2026) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294, 296 (2d Cir. 2006)).[1]

## ARGUMENT

### A.   The Pereira Report Is a Proper Rebuttal Report

Defendant incorrectly contends that Plaintiffs are attempting to submit an opening report under the guise of a rebuttal report. *See* Def. Br. at 4-5. Defendant primarily bases this assertion on its mistaken belief that Nebraska law requires an expert to prove causation and plaintiff did not serve an opening report that addressed causation. *Id.* However, under Nebraska law, "in personal injury cases where the injuries are objective and the conclusion to be drawn from proved basic facts does not require special technical knowledge or science, the use of expert testimony is not legally necessary." *Clark v. Vill. of Hemingford*, 147 Neb. 1044, 1045 (1947).[2]

Here, Ms. Stilwill can prove causation on a *prima facie* basis using evidence regarding the scope and nature of The Laundress contamination and the temporal connection between her use of recalled The Laundress products and the onset and nature of her sinus injuries, particularly the fact that The Laundress products were found to contain multiple different species of *Pseudomonas* and Ms. Stilwill suffered a *Pseudomonas aeruginosa* sinus infection. Based on that evidence, a

---

[1]   This Court's decision in *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 477 F. Supp. 3d 88 (S.D.N.Y. 2020) is distinguishable. *See* Def. Br. at 3. *Atlantica Holdings* involved the preclusion of a damages expert who submitted a rebuttal report that included new opinions exceeding the scope of his initial report (*id.* at 111), whereas this case involves a permissible rebuttal report that directly addresses the reports and opinions submitted by Defendant's medical expert (Dr. Assimacopoulos) and infectious disease expert (Dr. Schlievert).

[2]   New York law is similar, should it apply. *See Meiselman v. Crown Heights Hosp.*, 34 N.E.2d 367, 370 (N.Y. 1941) ("Common sense and ordinary experience and knowledge, such as is possessed by laymen, without the aid of medical expert evidence, might properly have suggested to the jury that the condition of the boy at the time that he was left without hospitalization and abandoned by the defendants was not compatible with skillful treatment.").

6

reasonable jury could determine causation based on its lay knowledge and experience without expert testimony on causation.

However, when opposing class certification and moving to strike Ms. Geschwind's damages expert (Dr. Gareth Macartney), Defendant served Plaintiffs with reports from Dr. Assimacopoulos and Dr. Schlievert, medical and infectious disease experts offering opinions about the dangers of the bacteria involved in the contamination (an important class and merits issue), and about whether bacteria contained in the Laundress products caused Ms. Stilwill's injuries (an important merits issue specific to Ms. Stilwill).

By introducing expert testimony on these issues for the first time, Defendant opened the door and required Plaintiffs to submit the rebuttal Pereira Report. In the Second Circuit, rebuttal evidence may "explain, repel, counteract or disprove the evidence of the adverse party." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (citation omitted). The scope of a rebuttal report "is limited to the same subject matter encompassed in the opposing party's expert report, but district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language." *Id.*; *see also Hart v. BHH, LLC*, No. 15CV4804, 2018 WL 3471813, at *9 (S.D.N.Y. July 19, 2018).

Here, Plaintiffs retained Dr. Pereira to analyze and rebut Dr. Assimacopoulos's and Dr. Schlievert's opinions, including their opinions about the bacteria found in The Laundress products and the cause of Ms. Stilwill's sinus infection and injuries. Pereira Report at 4-5. In the Pereira Report, Dr. Pereira specifically responds to the various opinions offered by Dr. Assimacopoulos and Dr. Schlievert, explaining that the various bacteria found in The Laundress products are highly dangerous and even life-threatening, and that exposure to *Pseudomonas aeruginosa* bacteria in The Laundress products caused Ms. Stilwill's injuries.

7

Defendant faults Plaintiffs for not discussing the possibility of the Pereira Report in their February 5, 2025 letter motion to the Court requesting more time to conduct expert discovery. *See* Def. Br. at 5-6. However, Plaintiffs' extension request was submitted approximately two weeks after Defendants served their five expert reports on January 20, 2026. *See* ECF Nos. 377-384. At that time, Plaintiffs were uncertain whether they were going to serve a rebuttal expert report and had not deposed Defendant's experts. As a result, there was no need to include information about a potential rebuttal expert, and the contents of Plaintiffs' extension request do not indicate any gamesmanship by Plaintiffs or any intent to "sandbag" Defendant with the Pereira Report.

The Court should determine that Plaintiffs' submission of the Pereira Report was a necessary and proper rebuttal to Defendant's decision to submit two medical and infectious disease experts in this case as part of its efforts to oppose class certification.

**B.      Plaintiffs Acted Diligently and Submitted the Pereira Report to Directly Rebut Defendant's Medical and Infectious Disease Experts (First *Softel* Factor)**

The first *Softel* factor, which relates to the party's explanation for any failure to timely comply with disclosure requirements, does not support preclusion. Defendant asserts that even if the Pereira Report was considered a rebuttal report, then it would still be untimely under the thirty-day timeframe to submit rebuttal reports included in Rule 26(a)(2)(D)(ii). *See* Def. Br. at 7.

However, to support Dr. Pereira's expert work, Plaintiffs necessarily had to review Defendant's experts' detailed reports and depose Dr. Assimacopoulos and Dr. Schlievert. Those depositions occurred on March 3 and March 12 and were integral to fully understand and test the bases for Dr. Assimacopoulos's and Dr. Schlievert's opinions, the assumptions they relied upon, and the alternative causes they propose for Ms. Stilwill's injuries. Plaintiffs ultimately served Defendants with the Pereira Report on April 9, 2026, shortly after deposing Dr. Assimacopoulos and Dr. Schlievert and shortly after the Rule 26(a)(2)(D)(ii) deadline.

Under those circumstances, there is no indication of bad faith or gamesmanship, and the timing of a disclosure is explained by the need to respond to and analyze opposing expert reports and to conduct depositions and review expert deposition testimony. As a result, the first factor weighs against the drastic remedy of exclusion.

**C.    The Pereira Report Includes Important Rebuttal Evidence (*Softel* Factor Two)**

The second *Softel* factor, the importance of the potentially precluded testimony and evidence, does not support preclusion. Second Circuit courts consistently conclude that the importance of the testimony and other evidence at issue weighs heavily against preclusion and that only "extreme misconduct" or "extreme prejudice" warrants preclusion when the nonmovant did not comply with Rule 26. *Outley*, 837 F.2d at 591 ("The testimony of Thomas Young and Ivan Black was extremely important to Outley's case . . . . Because the evidence of these witnesses was so important, only extreme misconduct on the part of the plaintiff or extreme prejudice suffered by the defendants would justify the extraordinary sanction of preclusion in this case."); *Cap. One Hotel Grp. LLC v. Mt. Hawley Ins. Co.*, No. 24-CV-00485 (ER), 2026 WL 810301, at *8 (S.D.N.Y. Mar. 24, 2026); *Goolden v. Wardak*, No. 19-CV-6257 (ALC) (VF), 2024 WL 2046025, at *5 (S.D.N.Y. May 8, 2024).

Here, despite Defendant's assertion to the contrary (Def. Br. at 8-9), Dr. Pereira offers important opinions concerning Ms. Geschwind's pending Motion for Class Certification. In opposition to Ms. Geschwind's Motion for Class Certification, Defendant's expert Dr. Schlievert provided an overview of the toxicity of the bacteria involved in The Laundress Product contamination and opined that the bacteria were ubiquitous and did not present a severe danger. *See* Schlievert Report at 4-9; 21-23 (ECF No. 375-2).

In response, Dr. Pereira provides critical background on the various bacteria identified by The Laundress when recalling the products and opines that those bacteria are highly dangerous and life-threatening and opines about common means of exposure to those bacteria. *See* Pereira Report at 6-9 (ECF No. 437-6). As a result, Dr. Pereira offers insight into a highly important, common issue impacting every Class member's claims and supporting class certification.

Likewise, Ms. Stilwill offers Dr. Pereira's opinions as a direct response to Defendant's experts' causation opinions, an important merits issue in Ms. Stilwill's case. Dr. Pereira details The Laundress product contamination and Ms. Stilwill's exposure to The Laundress products and opines that Ms. Stilwill's injuries were caused by exposure to The Laundress Products. *See* Pereira Report at 17 (ECF No. 437-6). Dr. Pereira also directly rebuts Defendant's experts' conclusion that prior health conditions or environmental exposure caused Ms. Stilwill's *Pseudomonas* sinus infection. *Id.* at 15-16.

Defendant admits that Dr. Pereira's causation opinions are important but again incorrectly asserts that Dr. Pereira does not offer permissible rebuttal opinions. *See* Def. Br. at 10. However, Dr. Assimacopoulos and Dr. Schlievert both offer opinions that bacteria contained in The Laundress products did not cause Ms. Stilwill's *Pseudomonas aeruginosa* infection, warranting rebuttal opinions from Ms. Stilwill on this critical issue. *E.g.*, Schlievert Report at 26 (ECF No. 375-2). Therefore, the second *Softel* factor weighs against precluding the Pereira Report under Rule 37(c)(1).

**D.    Any Prejudice to Defendant Can Be Mitigated Through a Deposition of Dr. Pereira and Sur-rebuttal Reports (*Softel* Factors 3 and 4)**

The third and fourth *Softel* factors, which relate to the potential prejudice to the movant and a possible continuance, weigh against striking the Pereira report. Although courts recognize that a movant can be prejudiced if they do not get an opportunity to address the substance of a

rebuttal report, courts generally seek to avoid the harsh remedy of preclusion by providing an opportunity to the movant to depose the expert and serve a sur-rebuttal report if necessary. *JT Cleary, Inc.*, 2024 WL 4627641, at \*7; *Rekor Sys., Inc. v. Loughlin*, No. 19-CV-7767 (LJL), 2022 WL 2063857, at \*10 (S.D.N.Y. June 8, 2022) ("[T]he prejudice that Plaintiff has suffered of not being able to take his deposition within the time permitted for expert discovery, is easily cured by allowing plaintiff to depose [Chodor] if they so desire' notwithstanding those time limits.") (citing *Rmed Int'l, Inc.*, 2002 WL 31780188, at \*4); *HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*, No. 23-CV-6351 (LJL), 2024 WL 4987043, at \*2 (S.D.N.Y. Dec. 5, 2024); *S.W. v. City of New York*, No. CV 2009-1777 ENV MDG, 2011 WL 3038776, at \*4 (E.D.N.Y. July 25, 2011) ("[T]here is no prejudice to the City by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set. Further, defendants are granted leave to serve surrebuttal reports by their experts if they deem it necessary.") (citing *Park West Radiology v. CareCore Nat. LLC*, 675 F.Supp.2d 314, 326 (S.D.N.Y.2009)).

Here, rather than imposing the extreme sanction of striking the Pereira Report, the Court should instead provide Defendant with an opportunity to depose Dr. Pereira and submit a sur-rebuttal if necessary, a more narrowly tailored remedy that would mitigate any prejudice to Defendant. Although expert discovery in this case has ended, the parties agreed—with Court approval—that summary judgment motions should be filed on September 25, 2026, providing ample time for Defendant to depose Dr. Pereira without affecting or delaying the proceedings. *See* ECF Nos. 422, 425. Stated differently, a continuance is not needed to diminish any prejudice to Defendant because the operative schedule can easily accommodate discovery concerning Dr. Pereira and his report. Therefore, the third and fourth *Softel* factors weigh against striking Dr. Pereira's report.

## CONCLUSION

For the reasons stated above, the Court should deny Defendant's Motion to Strike.

Dated: May 11, 2026

SQUITIERI & FEARON, LLP

By: /s/ Stephen J. Fearon, Jr.
Stephen J. Fearon, Jr.
Paul Sweeny
205 Hudson Street, 7th Floor
New York, New York 10013
Telephone: (212) 421-6492
Facsimile:    (212) 421-6553
stephen@sfclasslaw.com
paul@sfclasslaw.com

ATTORNEYS FOR PLAINTIFF

12

**<u>CERTIFICATE OF WORD COUNT</u>**

Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike the Declaration and Reply Expert Report of Marcus Pereira, MD, exclusive of the caption, table of contents, table of authorities, and signature blocks, contains 3,385 words as measured by the word-processing system used to prepare this brief.

Dated: May 11, 2026                                  */s/ Stephen J. Fearon, Jr.*
                                                          Stephen J. Fearon, Jr.