

NORTH AMERICA    SOUTH AMERICA    EUROPE

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 312-558-5600
+1 312-558-5700

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
rrothste@winston.com

May 18, 2026

**BY ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    *In re Laundress Marketing and Product Liability Litigation – Letter Requesting the Redaction of (1) Defendant The Laundress, LLC's Reply Memorandum of Law in Support of its Motion to Strike the Declaration and Expert Report of Marcus Pereira, MD and (2) the Declaration and Expert Report of Aristides Assimacopoulos, MD***

Dear Judge Furman,

Pursuant to Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 134), Defendant The Laundress, LLC ("The Laundress") respectfully requests the Court maintain under seal certain portions of (1) The Laundress's Reply Memorandum of Law in Support of its Motion to Strike the Declaration and Expert Report of Marcus Pereira, MD ("Reply") and (2) the Declaration and Expert Report of Aristides Assimacopoulos, MD attached to the Declaration of Ronald Y. Rothstein in Support of the Reply as Exhibit 1 ("Assimacopoulos Decl."). The Reply and Assimacopoulos Declaration contain confidential and proprietary business information, the disclosure of which would cause competitive harm and infringe on privacy interests. This request is narrowly tailored and consistent with the Second Circuit's standards governing sealing. Furthermore, this request is consistent with the parties' previous motions to seal regarding related briefing and referenced documents.

I.    **Legal Standard**

Courts routinely permit sealing and redactions of information whose public disclosure could cause competitive harm to a party. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (assertion that competitive injury that may result from public disclosure is "a sufficient basis to grant defendants' motion to seal"). Sealing is appropriate where disclosure would reveal trade secrets, confidential research and development, pricing, marketing strategies, or sensitive personnel and customer information. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("[D]ocuments that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); *Playtex Prods., LLC v. Munchkin,*

**WINSTON & STRAWN** LLP

*Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of brief referencing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (recognizing that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access). The Court's Individual Rules likewise contemplate redaction of medical information and proprietary/trade secret material without prior approval. *See* Individual Rule 7.A.

## II.    Categories of Information Sought to be Redacted

**Product Development Strategies:** The Laundress seeks to redact information relating to (1) quality assurance procedures, measures, and controls and (2) microbiological testing. *See* Reply at 3, 9; Assimacopoulos Decl. ¶¶ 26, 39 & n.40, 41. Courts routinely find such information to constitute trade secrets or proprietary business information warranting sealing. *See, e.g.*, *In re Chantix Varenicline Mktg.*, 2025 WL 1565328, at *1 (S.D.N.Y. June 3, 2025); *Kewazinga Corp.*, 2021 WL 1222122, at *3; *Playtex Prods., LLC*, 2016 WL 1276450, at *12. Public disclosure would reveal sensitive development, formulation strategies, testing methodologies, and pricing models that competitors could exploit, causing competitive harm.

**Strategic Business Decisions:** The Reply and Assimacopoulos Decl. reference internal discussions and presentations reflecting strategic business and operational decisions and controls. *See* Reply at 9; Assimacopoulos Decl. ¶ 39 & n.40. They reveal confidential planning, performance assessments, and decision-making central to The Laundress's competitive positioning. *See id.* Disclosure would expose strategic direction, organizational structure, and operational priorities to competitors. Courts consistently protect such materials. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Manufacturer and Supplier Information:** The Declaration also contains confidential information about manufacturers, suppliers, and related operations. *See* Assimacopoulos Decl. ¶ 39 n.40. Disclosure would reveal supply-chain strategies, vendor relationships, sourcing practices, and operational details, undermining market position and negotiations. Courts recognize a legitimate interest in maintaining confidentiality of supplier and manufacturer information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, No. 1:19-cv-3776-GHW, 2020 WL 8840678, at *1 (S.D.N.Y. June 10, 2020) (granting motion to seal exhibits containing the name of a manufacturer where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

**Plaintiff's Confidentiality Designations and Protected Health Information:** The Laundress has redacted in its Reply and in the Assimacopoulos Declaration any references to Plaintiff Judy Stilwill's protected health information. The Laundress has also redacted any references to Plaintiff Judy Stilwill's deposition and deposition transcripts designated as confidential by Plaintiff. *See, e.g.*, Reply at 3–4, 9; Assimacopoulos Decl. ¶¶ 15–16 & nn.3, 5–6. Plaintiff bears the burden of establishing the basis for maintaining her requested redactions.

WINSTON
&STRAWN
LLP

## III.    Conclusion

The Laundress has limited its redaction requests to information that contains confidential business information, the disclosure of which would cause competitive harm. This includes trade secrets, internal strategies, and sensitive commercial data. The request is narrowly tailored and consistent with the Second Circuit's presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Where disclosure would risk revealing internal analyses, business strategies, or customer negotiations, courts have found a "valid need to protect" such information sufficient to rebut the presumption of access. *See SEC v. Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the confidentiality of the excerpts identified herein is justified and necessary to prevent competitive injury.

Respectfully submitted,

/s/ *Ronald Y. Rothstein*
Ronald Y. Rothstein

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 474.

SO ORDERED.

May 18, 2026