Squitieri & Fearon, LLP
205 Hudson Street, 7th Floor
New York, New York 10013
Tel:  212.421.6492
Fax:  212.421.6553
www.sfclasslaw.com

Stephen J. Fearon, Jr.
stephen@sfclasslaw.com



**VIA CM/ECF**                                                    May 21, 2026
Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**    *In Re Laundress Marketing and Product Liability Litigation*, No.: 1:22-cv-10667
         *Re: Ostenfeld, et al. v. The Laundress, LLC*, No. 1:22-cv-10667
         <u>**Letter Motion to File Under Seal Portions of Defendant's Reply in Support of**</u>
         <u>**Motion to Strike the Declaration and Reply Expert Report of Marcus Pereira, MD**</u>

Dear Judge Furman:

    This firm represents the *Ostenfeld* Plaintiffs, Deborah Geschwind and Judy Stilwill. Pursuant to Your Honor's Individual Rules and Practices, I write on behalf of Plaintiff Judy Stilwill ("Ms. Stilwill") to explain the need to seal portions of Defendant The Laundress, LLC's ("Defendant") Reply Memorandum of Law in Support of its Motion to Strike the Declaration and Reply Expert Report of Marcus Pereira, MD ("Pereira Reply") (ECF No. 475), as well as portions of the Declaration & Expert Report of Aristides Assimacopoulos, MD ("Assimacopoulos Report") (ECF No. 477-1). On May 19, 2026, the Court temporarily granted Defendant's motion to seal these materials. *See* ECF No. 480.

    Non-public, sensitive health information is regularly sealed in this Circuit. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information." *Robinson v. De Niro*, No. 19-cv-9156-LJL-KHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022); *see also, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information"); *see also* Individual Rules at 7.A. (The parties may "without prior Court approval, redact from their public filings . . . medical records [including information regarding treatment and diagnosis.]").

    Here, Plaintiff Ms. Stilwill seeks to seal portions of the Pereira Reply that disclose non-public, sensitive health information about Ms. Stilwill, including portions of pages 3 to 4 and a portion of the last sentence of the first paragraph on page 9. *See* ECF 475. These portions of the Pereira Reply disclose information obtained from Ms. Stilwill's medical records, including information about current health issues and Ms. Stilwill's medical history. Defendant has highlighted these and other portions of the Pereira Reply in yellow.

Ms. Stilwill further seeks to seal portions of the Assimacopoulos Report that disclose non-public, sensitive health information about Ms. Stilwill, including: paragraphs 15, 16, 22, 25, the second sentence of paragraph 26, paragraph 27 to 36, paragraph 38, the first sentence of paragraph 40, and paragraph 41. These portions of the Assimacopoulos Report detail Ms. Stilwill's medical history, medical treatment, medications, and ongoing medical issues and treatment, much of which bears little relevance to the sinus injuries at issue in this lawsuit. Defendant has highlighted these and other portions of the Assimacopoulos Report in yellow.

Therefore, Ms. Stilwill respectfully requests that the Court seal the foregoing portions of the Pereira Reply and Assimacopoulos Report.

Plaintiffs' counsel thanks the Court for its attention to this matter and is available at the Court's convenience to address any additional questions.

Respectfully submitted,

/s/ *Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 481.

SO ORDERED.

May 21, 2026