WINSTON TAYLOR.

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 (312) 558-5600

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
ron.rothstein@winstont.com

July 17, 2026

**BY ECF**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

***Re: In re Laundress Marketing and Product Liability Litigation – Letter Requesting the Redaction of (1) Defendant's Memorandum of Law in Support of its Motion for Summary on Plaintiffs Geschwind's and Stilwill's Economic Injury Claims; (2) Defendant's Memorandum of Law in Support of its Motion for Summary on Plaintiff Stilwill's Physical Injury Claims; (3) Defendant's Rule 56.1 Statement of Undisputed Material Facts; (4) Defendant's Memorandum of Law in Support of its Motion to Exclude the Testimony and Reply Declaration of Marcus Pereira, M.D.; (5) Defendant's Memorandum of Law in Support of its Motion to Strike the Reply Declaration and Expert Report of Gareth J. Macartney, Ph.D; and (6) Certain Exhibits Attached to the Omnibus Declaration of Ronald Y. Rothstein in Support of Aforementioned Memorandums of Law***

Dear Judge Furman,

Pursuant to Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 134), Defendant The Laundress, LLC ("The Laundress" or "Defendant") respectfully requests the Court maintain under seal certain portions of (1) Defendant's Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs Geschwind and Stilwill's Economic Injury Claims ("Economic Injury Claims MSJ"), (2) Defendant's Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiff Stilwill's Physical Injury Claims ("Physical Injury Claims MSJ"), (3) Defendant's Rule 56.1 Statement of Undisputed Material Facts, (4) Defendant's Memorandum of Law in Support of its Motion to Exclude the Testimony and Reply Declaration of Marcus Pereira, M.D. ("Motion to Exclude Pereira"), (5) Defendant's Memorandum of Law in Support of its Motion to Strike the Reply Declaration and Expert Report of Gareth J. Macartney, Ph.D ("Motion to Strike Macartney"), and (6) Certain Exhibits Attached to the Omnibus Declaration of Ronald Y. Rothstein in Support of the Economic Injury Claims MSJ, Physical Injury Claims MSJ, Motion to Exclude Pereira, and Motion to Strike Macartney ("Rothstein Decl.") (collectively, the "July 17 filings").

The July 17 filings contain confidential and proprietary business information, the disclosure of which would cause competitive harm and infringe on privacy interests. This request is narrowly tailored and consistent with the Second Circuit's standards governing sealing. Furthermore, this request is consistent with the parties' previous motions to seal regarding related briefing and referenced documents. A list of all materials The Laundress has sealed in its entirety or redacted is attached hereto in Appendix A.

## I. Legal Standard

Courts routinely permit the sealing and redacting of information whose public disclosure could cause competitive harm to a party. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (assertion that competitive injury may result from public disclosure is "a sufficient basis to grant defendants' motion to seal"). Sealing is appropriate where disclosure would reveal trade secrets, confidential research and development, pricing, marketing strategies, or sensitive personnel and customer information. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("[D]ocuments that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of brief referencing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (recognizing that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access). The Court's Individual Rules likewise contemplate redaction of medical information and proprietary/trade secret material without prior approval. *See* Individual Rule 7.A.

## II. Categories of Information Sought to be Redacted

**Product Development and Pricing Strategies:** The Laundress seeks to seal documents and testimony relating to (1) product formulations, testing, and research and development, (2) quality assurance procedures, measures, and controls, (3) microbiological testing, and (4) pricing strategies. Courts routinely find such information to constitute trade secrets or proprietary business information that warrant sealing. *See, e.g.*, *In re Chantix Varenicline Mktg.*, 2025 WL 1565328, at *1 (S.D.N.Y. June 3, 2025); *Kewazinga Corp.*, 2021 WL 1222122, at *3; *Playtex Prods., LLC*, 2016 WL 1276450, at *12. Public disclosure would reveal sensitive development, formulation strategies, testing methodologies, and pricing models that competitors could exploit and cause competitive harm.

**Strategic Business Decisions:** The July 17 filings reference internal discussions and presentations reflecting strategic business and operational decisions and controls. They reveal confidential planning, performance assessments, and decision-making central to The Laundress's competitive positioning. *See id.* Disclosure would expose strategic direction, organizational structure, and operational priorities to competitors. Courts consistently protect such materials. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Manufacturer and Supplier Information:** The July 17 filings also contain confidential information about manufacturers, suppliers, and related operations. Disclosure would reveal supply-chain strategies, vendor relationships, sourcing practices, and operational details, undermining market position and negotiations. Courts recognize a legitimate interest in maintaining confidentiality of supplier and manufacturer information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 2020 WL 8840678, at *1 (S.D.N.Y. June 10, 2020) (sealing exhibits that contained the name of a manufacturer where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

**Sales Data:** The Laundress also seeks to seal information in the July 17 filings that reference or contain confidential sales data. Public access to such data could enable competitors to analyze The Laundress's market share, pricing effectiveness, and product performance, thereby undermining its strategic advantage. Courts have consistently recognized the need to protect this type of sensitive commercial information. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Customer Communications:** The Motions and related exhibits reference or contain customer communications, including sensitive feedback, unsubstantiated complaints, inquiries, and internal responses that reveal customer-service protocols and issue-resolution strategies. Disclosure would risk harm by exposing customer engagement practices and targeting opportunities, including to The Laundress's competitors.

**Plaintiff's Confidentiality Designations and Protected Health Information:** The Laundress has redacted in its July 17 filings any references to Plaintiff Judy Stilwill or Plaintiff Deborah Geschwind's protected health information. The Laundress has also redacted any references to Plaintiff Stilwill's and Plaintiff Geschwind's deposition and deposition transcripts designated as confidential by Plaintiffs. Plaintiffs designated the entire deposition transcript of their expert, Gareth Macartney, as confidential. The Laundress has therefore redacted in its filings any documents that quote Macartney's deposition. Plaintiffs bears the burden of establishing the basis for maintaining their requested redactions.

**Deposition and Declaration Excerpts:** The Laundress also requests to keep under seal certain excerpts from the depositions and declarations of current and former The Laundress employees and its experts. The Laundress narrowly tailored its request to include only the testimony that pertains to commercially sensitive, proprietary business information or sensitive employee information. Here, public disclosure would injure The Laundress's business and provide its rivals an unfair competitive advantage for the same reasons stated above.

## III. Conclusion

The Laundress has limited its redaction requests to information that pertains to confidential business information, the disclosure of which would cause competitive harm. This includes trade secrets, internal strategies, and sensitive commercial data. The request is narrowly tailored and consistent with the Second Circuit's presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Where disclosure

would risk revealing internal analyses, business strategies, or customer negotiations, courts have found a "valid need to protect" such information sufficient to rebut the presumption of access. *See SEC v. Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the confidentiality of the excerpts identified herein is justified and necessary to prevent competitive injury.

Respectfully submitted,

*/s/ Ronald Y. Rothstein*
Ronald Y. Rothstein

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 491.

SO ORDERED.

July 20, 2026