Squitieri & Fearon, LLP
205 Hudson Street, 7th Floor
New York, New York 10013
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com

Stephen J. Fearon, Jr.
stephen@sfclasslaw.com

SQUITIERI & FEARON LLP

**VIA CM/ECF** August 28, 2026

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *In Re Laundress Marketing and Product Liability Litigation*, No.: 1:22-cv-10667
*Re: Ostenfeld, et al. v. The Laundress, LLC*, No. 1:22-cv-10667
**Letter Motion to File Under Seal Plaintiffs' Oppositions to Motions**

Dear Judge Furman:

Pursuant to Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 134), the *Ostenfeld* Plaintiffs Deborah Geschwind and Judy Stilwill ("Plaintiffs") respectfully request the Court maintain under seal certain portions of (1) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on Plaintiffs Geschwind and Stilwill's Economic Injury Claims ("Economic Injury Claims MSJ Opposition"), (2) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on Plaintiff Stilwill's Physical Injury Claims ("Physical Injury Claims MSJ Opposition"), (3) Plaintiffs' Response to Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Rule 56.1 Response"), (4) Plaintiffs' Statement of Additional Material Facts ("56.1 Additional Facts"); (5) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Exclude the Testimony and Reply Declaration of Marcus Pereira, M.D. ("Motion to Exclude Pereira Opposition"), (6) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Strike the Reply Declaration and Expert Report of Gareth J. Macartney, Ph.D. ("Motion to Strike Macartney Opposition"), and (7) Certain Exhibits Attached to the Omnibus Declaration of Stephen J. Fearon, Jr. in Opposition to the Economic Injury Claims MSJ, Physical Injury Claims MSJ, Motion to Exclude Pereira, and Motion to Strike Macartney ("Fearon Decl.") (collectively, the "August 28 filings").

**First**, as set forth in the attached Appendix A, Plaintiffs seek leave to file under seal portions of the following documents:

- Economic Injury Claims MSJ Opposition
  - Page 8

- Physical Injury Claims MSJ Opposition
  - 4, 21

- Rule 56.1 Response
  - ¶¶ 71, 100, 101

- 56.1 Additional Facts
  - ¶¶ 206-07, 218
- Motion to Exclude Pereira Opposition
  - Pages 1-3, 5, 11, 21-23
- Motion to Strike Macartney Opposition
  - Pages 1, 9-10
- Fearon Decl. Exs.
  - Exs.: I, L, ZZ, CCC

The portions of the memoranda of law and Exhibits I (Geschwind Deposition), L (Stilwill Deposition), and CCC (Geschwind Declaration) that Plaintiffs seek to seal disclose non-public, sensitive health information about Plaintiffs Geschwind and her mother and Plaintiff Stilwill. Non-public, sensitive health information is regularly sealed in this Circuit. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information." *Robinson v. De Niro*, No. 19-cv-9156-LJL-KHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022); see also, e.g., Spring v. Allegany-Limestone Cent. Sch. Dist., No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information"); see also Individual Rules at 7.A. (The parties may "without prior Court approval, redact from their public filings . . . medical records [including information regarding treatment and diagnosis.]").

Plaintiffs seek to narrowly seal references to sensitive medical information not directly at issue in this lawsuit. For instance, Plaintiffs seek to seal medical information related to alternative causes that Defendant attributes to Ms. Stilwill's sinus infection but not medical information directly related to Ms. Stilwill's sinus infection itself. Likewise, Ms. Geschwind seeks leave to seal narrow medical information motivating and relating to her decision to remediate her home following The Laundress contamination.

Moreover, regarding Plaintiff Geschwind's health information, the Court previously sealed this information on multiple occasions, including in connection with Ms. Geschwind's opposition to a Letter Motion to Compel, then tentatively again in connection with Ms. Geschwind's Motion for Class Certification and her Reply in Support of the Motion for Class Certification.

Ms. Geschwind also seeks leave to file under seal portions of Ms. Geschwind's online purchase records produced during discovery (Fearon Decl. Ex ZZ) disclosing Ms. Geschwind's personal identifying information, including home address (except city and state), email address, phone number, and customer number for one online shopping account, information which is also regularly sealed in this Circuit. *Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) ("[T]he Court appreciates that there is certain information contained in the resumes, such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public, has no bearing on this Court's

Report and Recommendation on Defendants' Motion for Summary Judgment, and has been recognized by courts in this Circuit as the type of personal information that should be shielded from public disclosure.") (citing *Lown v. Salvation Army, Inc*., No. 04 Civ. 01562(SHS), 2012 WL 4888534, at *1 (S.D.N.Y. Oct. 12, 2012)); *see also* Individual Rules at 7.A ("Parties should not include in their public filings home addresses [use only the City and State]. Parties may also without prior Court approval, redact from their public filings any personal identifying number and individual financial information") (cleaned up).

Like Plaintiff Geschwind's health information, the Court previously sealed this information in connection with Ms. Geschwind's opposition to a Letter Motion to Compel.

**Second,** as further set forth in the attached Appendix A, Plaintiffs seeks leave to electronically file under seal the following documents and portions of documents referencing documents and depositions Defendant designated "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order"), specifically:

- Economic Injury Claims MSJ Opposition
  Pgs. i, 1-8, 11-15, 20-22, 30-31

- Physical Injury Claims MSJ Opposition
  - Pgs. i, 1-3, 6-11, 14-18, 20, 23-28

- Rule 56.1 Response
  - ¶¶ 3-6, 9-45, 47, 51-53, 55-60, 75, 78-96, 99-101, 103-07, 110-16, 118, 120, 123, 125-28, 132-150

- 56.1 Additional Facts
  - ¶¶ 151-79, 183-90, 197-202

- Motion to Exclude Pereira Opposition
  - Pages 1-3, 5, 11, 21-23

- Motion to Strike Macartney Opposition
  - Pages 1, 9-10

- Fearon Decl. Exs.
  - Exs: A-H, J-K, M-NN, PP-XX
  - Portions of Ex.: BBB

This list comprises documents and depositions Defendant designated "Confidential," or references to documents and depositions Defendant designated "Confidential," pursuant to the Confidentiality Order in this case. Because Defendant designated the documents and depositions "Confidential," Defendant should bear the burden of establishing good cause to seal the references. In accordance with this Court's Individual Rules and Practices in Civil Cases, Plaintiffs' counsel will inform Defendant's counsel that they must file, within three business days, a letter explaining the need to seal or redact the documents.

For reference purposes, Plaintiffs have highlighted Defendant's proposed redactions in yellow, and highlighted Plaintiffs' proposed redactions in green or blue.

Plaintiffs' counsel thanks the Court for its attention to these sealing matters and is available at the Court's convenience to address additional questions.

Respectfully submitted,

/s/ *Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 516.

SO ORDERED.

September 1, 2026

# APPENDIX A

1. **Economic Opposition to Motion for Summary Judgment**

    a. *Plaintiffs' Confidential Materials Cited*
    Pg. 8

    a. *Defendant's "Confidential" Materials Cited*
    Pgs. i, 1-8, 11-15, 20-22, 30-31

2. **Stilwill Opposition to Motion for Summary Judgment**

    a. *Plaintiffs' Confidential Materials Cited*
    Pgs. 4, 21

    b. *Defendant's "Confidential" Materials Cited*
    Pgs. i, 1-3, 6-11, 14-18, 20, 23-28

3. **Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts**

    a. *Plaintiffs' Confidential Materials Cited*
    ¶¶ 71, 100, 101

    b. *Defendant's "Confidential" Materials Cited*
    ¶¶ 3-6, 9-45, 47, 51-53, 55-60, 75, 78-96, 99-101, 103-07, 110-16, 118, 120, 123, 125-28, 132-150

4. **Plaintiffs' Statement of Additional Material Facts**

    a. *Plaintiffs' Confidential Materials Cited*
    ¶¶ 206-07, 218

    b. *Defendant's "Confidential" Materials Cited*
    ¶¶ 151-79, 183-90, 197-202

5. **Opposition to Motion to Exclude Pereira**

    a. *Plaintiffs' Confidential Materials Cited*
    Pgs. 1-3, 5, 11, 21-23

    b. *Defendant's "Confidential" Materials Cited*
    Pgs. 1, 4-7, 14-20, 22

6. **Opposition to Motion to Strike Macartney Reply Report**

**a.** *Defendant's "Confidential" Materials Cited*
Pgs. 1, 9-10

**7. <u>Fearon Omnibus Declaration in Opposition</u>**

**a.** *Plaintiffs' Confidential Materials*
Portions of Exs.: I, L, ZZ, CCC

**b.** *Defendant's "Confidential" Materials*
Exs: A-H, J-K, M-NN, PP-XX

Portions of Ex.: BBB