WINSTON TAYLOR.

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 (312) 558-5600

**RONALD Y. ROTHSTEIN**
Partner
(312) 558-5600
ron.rothstein@winstontaylor.com

October 2, 2026

**<u>BY ECF</u>**

Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

***Re: In re Laundress Marketing and Product Liability Litigation – Letter Requesting the Sealing or Redaction of Certain Documents in Defendant's October 2, 2026, Filings***

Dear Judge Furman,

Pursuant to Your Honor's Individual Rules and Practices, and the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 134), Defendant The Laundress, LLC ("The Laundress" or "Defendant") files this motion for leave and respectfully requests the Court maintain under seal certain portions of the following:

1. Defendant's Reply Memorandum of Law in Support of Its Motion for Summary Judgment on Plaintiffs Geschwind's and Stilwill's Economic Injury Claims ("Economic Reply")
2. Defendant's Reply Memorandum of Law in Support of Its Motion for Summary Judgment on Plaintiff Stilwill's Personal Injury Claims ("Personal Injury Reply")
3. Defendant's Response to Plaintiffs' Local Rule 56.1(b) Statement of Additional Material Facts ("SAMF Resp.")
4. Defendant's Reply Memorandum of Law in Support of Its Motion to Exclude the Testimony and Reply Declaration of Marcus Pereira, M.D. ("Motion to Exclude Pereira Reply")

(collectively, the "October 2, 2026, filings").

The October 2, 2026 filings contain confidential and proprietary business information, the disclosure of which would cause competitive harm and infringe on privacy interests. This request is narrowly tailored and consistent with the Second Circuit's standards governing sealing. Furthermore, this request is consistent with the parties' previous motions to seal regarding related briefing and referenced documents.

**I. Legal Standard**

Courts routinely permit the sealing and redacting of information whose public disclosure could cause competitive harm to a party. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (holding a competitive injury due to public disclosure constitutes "a sufficient basis to grant defendants' motion to seal"). Sealing is appropriate where disclosure would reveal trade secrets, confidential research and development, pricing, marketing strategies, or sensitive personnel and customer information. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("[D]ocuments that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of brief referencing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (recognizing that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access). The Court's Individual Rules likewise contemplate redaction of medical information and proprietary/trade secret material without prior approval. *See* Individual Rule 7.A.

**II. Categories of Information Sought to be Redacted**

**Product Development and Pricing Strategies:** The Laundress seeks to seal documents and testimony relating to (1) product formulations, testing, and research and development, (2) quality assurance procedures, measures, and controls, (3) microbiological testing, and (4) pricing strategies. *See, e.g.*, Economic Reply at 2-3; Personal Injury Reply at 1-2, 4; Motion to Exclude Pereira Reply at 3; SAMF Resp. ¶¶ 153-54. Courts routinely find such information to constitute trade secrets or proprietary business information that warrant sealing. *See, e.g.*, *In re Chantix Varenicline Mktg.*, 2025 WL 1565328, at *1 (S.D.N.Y. June 3, 2025); *Kewazinga Corp.*, 2021 WL 1222122, at *3; *Playtex Prods., LLC*, 2016 WL 1276450, at *12. Public disclosure would reveal sensitive development, formulation strategies, testing methodologies, and pricing models that competitors could exploit and cause competitive harm.

**Strategic Business Decisions:** The October 2, 2026, filings reference internal discussions and presentations reflecting strategic business and operational decisions and controls. *See, e.g.*, Economic Reply at 6; SAMF Resp. ¶¶ 156, 195. They reveal confidential planning, performance assessments, and decision-making central to The Laundress's competitive positioning. *See id.* Disclosure would expose strategic direction, organizational structure, and operational priorities to competitors. Courts consistently protect such materials. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Manufacturer and Supplier Information:** The October 2, 2026, filings also contain confidential information about manufacturers, suppliers, and related operations. *See, e.g.*, Economic Reply at 1; Personal Injury Reply at 6; Motion to Exclude Pereira Reply at 2; SAMF Resp. ¶¶ 151-52. Disclosure would reveal supply-chain strategies, vendor relationships, sourcing practices, and operational details, undermining market position and negotiations. Courts recognize

a legitimate interest in maintaining confidentiality of supplier and manufacturer information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 2020 WL 8840678, at *1 (S.D.N.Y. June 10, 2020) (sealing exhibits that contained the name of a manufacturer where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

**Sales Data:** The Laundress also seeks to seal information in the October 2, 2026, filings that reference or contain confidential sales data. Public access to such data could enable competitors to analyze The Laundress's market share, pricing effectiveness, and product performance, thereby undermining its strategic advantage. *See, e.g.*, SAMF Resp. ¶¶ 185-86. Courts have consistently recognized the need to protect this type of sensitive commercial information. *See Playtex Prods., LLC*, 2016 WL 1276450, at *12.

**Customer Communications:** The October 2, 2026, filings reference or contain customer communications, including sensitive feedback, unsubstantiated complaints, inquiries, and internal responses that reveal customer-service protocols and issue-resolution strategies. Disclosure would risk harm by exposing customer engagement practices and targeting opportunities, including to The Laundress's competitors. *See, e.g.*, Economic Reply at 7; Personal Injury Reply at 12; SAMF Resp. ¶¶ 151-52.

**Plaintiffs' Confidentiality Designations and Protected Health Information:** Plaintiffs designated the entire deposition transcript of Judy Stilwill as confidential. The Laundress has therefore redacted in its filings any documents that quote Stilwill's deposition. The Laundress has also redacted any references to Plaintiffs' protected health information. *See, e.g.*, Personal Injury Reply at 8; Motion to Exclude Pereira at 3-4; SAMF ¶¶ 206-07. Plaintiffs bear the burden of establishing the basis for maintaining their requested redactions.

## III. Conclusion

The Laundress has limited its redaction requests to information that pertains to confidential business information, the disclosure of which would cause competitive harm. This includes trade secrets, internal strategies, and sensitive commercial data. The request is narrowly tailored and consistent with the Second Circuit's presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Where disclosure would risk revealing internal analyses, business strategies, or customer negotiations, courts have found a "valid need to protect" such information sufficient to rebut the presumption of access. *See SEC v. Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the confidentiality of the excerpts identified herein is justified and necessary to prevent competitive injury.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 538.

SO ORDERED

October 5, 2026

Respectfully submitted,

/s/ *Ronald Y. Rothstein*
Ronald Y. Rothstein